560 So.2d 1343 (1990)
Claude D. KELSEY and Copeda O. Young, Petitioners,
v.
Jim McMILLAN, Sheriff of Duval County, and the State of Florida, Respondents.
No. 90-843.
District Court of Appeal of Florida, First District.
May 7, 1990.
*1344 Louis O. Frost Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for petitioners.
Robert A. Butterworth, Atty. Gen., and Bradley Bischoff, Asst. Atty. Gen., Tallahassee, for respondents.
PER CURIAM.
Petitioners sought a writ of habeas corpus challenging the trial court's order which increased their bonds pending trial. After issuing an order to show cause, we considered the merits of the response and granted relief by unpublished order. We now issue this opinion to explicate our reasons for doing so.
Petitioners were arrested in Jacksonville for simple possession of cocaine, a third degree felony. At first appearance, Kelsey's bond was set at $5,003 and Young's bond was set at $3,503. At the time of first appearance, the trial court was aware that petitioners were visiting Jacksonville, but lived and worked in Lake City. The state later filed motions to increase the bonds and a hearing was set. At the hearing, the state argued that petitioners had no ties to Jacksonville and the original bonds were not sufficient to ensure petitioners' appearance in court for trial. Petitioners argued that they had never failed to appear in court.
The trial court granted state's motion and increased the bond for each petitioner to $15,000. The basis for this increase was the trial court's concern about the evils of drug trafficking in general and the resulting violence in the community in particular. The trial court impermissibly attributed to petitioners a role in drug trafficking and violence which was not proved. An accused has the right to an individualized review of his bail based on the facts and circumstances of his situation and alleged offenses. Rawls v. State, 540 So.2d 946 (Fla. 5th DCA 1989). Petitioners were not afforded this right.
In addition, the other stated reason to increase the bonds was petitioners' lack of ties to Jacksonville. When bond was originally set at arraignment, both the trial court and the state were aware that petitioners lived and worked in Lake City. State failed to show any change in circumstances to justify the increased bonds.
On consideration of the foregoing, we found the increases of the bonds were improper and we issued the writ of habeas corpus and ordered petitioners to be released on bonds in the amount originally set by the trial court.
WRIT ISSUED.
ERVIN, ZEHMER and ALLEN, JJ., concur.