694 So.2d 131 (1997)
Thetus FLEMMING, Petitioner,
v.
Ron COCHRAN, Sheriff of Broward County, Respondent.
No. 97-1442.
District Court of Appeal of Florida, Fourth District.
May 30, 1997.
*132 Peter D. Lent, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for respondent.
SHAHOOD, Judge.
Petitioner, Thetus Flemming, seeks habeas corpus relief from two orders dated April 22, 1997, that revoked his bond in two felony cases and reset each bond in a higher amount. We grant the petition in one case (case number 97-5517 CF10) but deny relief in the other case (case number 97-2008 CF10).
On January 30, 1997, petitioner was arrested and charged with possession of cocaine with intent to deliver (case no. 97-2008 CF10). He was released on $2,500.00 bond.
On March 18, 1997, he was again arrested and charged with possession of cocaine with intent to deliver (case no. 97-5517 CF10). He was released on $3,600.00 bond in that case.
Appearing in court on April 14, 1997, for a status conference and a hearing on petitioner's motion for partial indigency, the state announced that it would be seeking revocation of petitioner's bond in case no. 97-2008 CF10 based on petitioner's second arrest. Respondent did not announce any intent to seek revocation of the bond in the second case.
At the bond hearing, the state argued only for revocation of bond in the first case, based on petitioner's arrest in the second case. The trial court revoked petitioner's bond in the first case and reset the bond in a higher amount. The court then sua sponte revoked bond in the second case and reset the bond in a higher amount.
Petitioner's counsel objected that there had been no notice given that the bond in the second case was subject to revocation or modification. The trial court stated that counsel had no standing to object because he did not represent petitioner in the second case.
Shortly thereafter at the same hearing, the trial court ruled that counsel was acting as petitioner's counsel in the second case:
PETITIONER'S COUNSEL: As far as Mr. Flemming in the second case, I think that he ought to be examined for indigency.
THE COURT: Thank you. And if he wants to do that, I am sure he can file a request for that. Because you are making *133 that request, it effectively makes you his attorney of record.
PETITIONER'S COUNSEL: I don't think so.
THE COURT: That, too, is a different [sic] of opinion. I think by virtue of being here and making that request, you are his attorney.
PETITIONER'S COUNSEL: Well, fine....
The trial court impermissibly increased the bond in the second case on its own motion. The court lacked authority to do so. Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA 1995).
Because the trial court ruled that counsel represented the petitioner for some purposes relating to the second case, we conclude that counsel was also authorized to object on the petitioner's behalf to the lack of notice.
Because the modification of bond in the second case violated the notice requirements of Florida Rule of Criminal Procedure 3.131(d)(2)[1] and the law as explained in this court's decision in Meridian, we grant the petition and quash the bond order that modified the bond in the second case (97-5517 CF10). We hold that the trial court permissibly revoked and reset petitioner's bond in the first case (97-2008 CF10) and deny the petition as to that order.
GRANTED AND QUASHED IN PART; DENIED IN PART.
GLICKSTEIN and WARNER, JJ., concur.
NOTES
[1] "The state may apply for modification of bail by showing good cause and with at least 3 hours' notice to the attorney for the defendant."