694 So.2d 131 (1997)
STATE of Florida, Appellant,
v.
Christopher GIRARD, Appellee.
No. 96-1869.
District Court of Appeal of Florida, Fifth District.
May 30, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Appellee.
PETERSON, Chief Judge.
The state appeals an order suppressing evidence of crack cocaine found on the floor of Girard's vehicle after he was stopped by the police for having an inoperative tag light. The trial court found the stop to be pretextual but on rehearing concluded that it erred in light of Whren v. U.S., ___ U.S. ___, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), decided on the same day the suppression order was rendered. The state, however, prior to filing its motion for rehearing, had already filed a notice of appeal to this court thereby divesting the trial court of jurisdiction.
In Whren, the Supreme Court rejected the reasonable officer test approved by the Florida Supreme Court in State v. Daniel, 665 So.2d 1040 (Fla.1995), reh. denied, and Kehoe v. State, 521 So.2d 1094 (Fla. 1988). The Supreme Court held that a stop of a motorist is permissible when an officer has probable cause to believe that the motorist has violated a traffic law, even if a reasonable officer would not have detained the motorist for such a violation. It is undisputed that Girard's tag light was inoperative and did not comply with the traffic laws. Therefore, the motorist stop is valid since the officers had probable cause to detain Girard. We reverse the order granting Girard's motion to suppress and remand for further proceedings.
REVERSED AND REMANDED.
HARRIS and THOMPSON, JJ., concur.