710 So.2d 681 (1998)
Richard Kenneth BOWERS, Petitioner,
v.
Ken JENNE, as Sheriff of Broward County, Florida, Respondent.
No. 98-1401.
District Court of Appeal of Florida, Fourth District.
April 27, 1998.
Alan H. Schreiber, Public Defender, and Donald Cannarozzi, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We grant the petition for writ of habeas corpus to quash the trial court order increasing Petitioner's bond, holding that the trial court impermissibly increased the bond on its own motion, without adequate prior notice to Petitioner.
Petitioner is charged with attempted armed kidnapping, aggravated assault, grand theft, and battery. He was arrested after the state filed an information charging these offenses, and from the record before us, it appears that the committing magistrate found probable cause and set bond totalling $10,500. The state subsequently filed a motion to arrest and recommit on the grounds that Petitioner violated a condition of his release by contacting a victim of the offenses. The trial court held a hearing on this motion and denied it, finding that Petitioner had not violated any condition of release as no condition had been imposed barring victim contact. However, the court then went beyond this determination, and sua sponte increased bond on grounds not raised by the state. The court observed that the case was a domestic violence prosecution which should not have been handled with standard bonds. The court found that the committing magistrate had not set bond, even though Petitioner's appendix suggests the contrary to us. The trial court also determined that it had discretionary authority to revisit bond and increase the amounts of bond to total $76,000 on the three counts.
The state argues that the trial court was authorized to increase bond because this was a domestic violence case and that section 741.2901(3), Florida Statutes (1997), provides the factors to be considered for bond in such cases. It argues that this case should not have gone to a regular first appearance court, but rather should have gone to a designated domestic violence court for first appearance. It also argues that this court should regard the trial court's order as if it were the first time bond was set by a judge, as required under chapter 741. Alternatively, it argues that bond could be regarded as properly increased based on a showing of good cause. That good cause is said to be *682 the state's showing that Petitioner contacted a victim of these offenses.
We reject the state's arguments. First, we find that bond was originally set by the committing magistrate. Secondly, we look to rule 3.131(d)(2), Florida Rules of Criminal Procedure, which provides that the state may move for modification of bond by showing good cause and with at least three hours' notice to counsel for the defendant. Here, the state did not move to increase bond on the grounds identified by the trial court, and no prior notice was given to Petitioner. A trial court may not increase bond on its own motion. Flemming v. Cochran, 694 So.2d 131 (Fla. 4th DCA 1997).
To the extent that the trial court increased bond on the grounds of Petitioner's prior record or evidence against him, this is improper because the state did not show that this information was not available to the committing magistrate who set the initial bond. Keane v. Cochran, 614 So.2d 1186 (Fla. 4th DCA 1993); Kelsey v. McMillan, 560 So.2d 1343 (Fla. 1st DCA 1990).
We also reject the state's argument that good cause for increasing bond existed based on the state's motion to recommit. The trial court denied the state's motion, finding that no condition of release had barred victim contact at the time of Petitioner's attempted contacts. The state should not be permitted to recast this same information as grounds for the trial court's sua sponte decision to increase bond.
We therefore grant the petition for writ of habeas corpus and quash the order increasing the bond. This disposition is without prejudice to the state's right to file an authorized motion for increase of bond under chapter 741, if appropriate, or any other legally sufficient grounds, and for the trial court to consider the same upon adequate notice to Petitioner.
STONE, C.J., and FARMER and GROSS, JJ., concur.