717 So.2d 599 (1998)
Anthony COUSINO, Petitioner,
v.
Ken JENNE, as Sheriff of Broward County, Florida, Respondent.
No. 98-2557.
District Court of Appeal of Florida, Fourth District.
September 9, 1998.
Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner Anthony Cousino sought habeas corpus relief from his detention following the revocation of his bond in a prosecution for burglary of a dwelling with a battery. We previously granted the petition by order, stating that an opinion would follow.
Petitioner was arrested on May 15, 1998 for burglary with a battery and criminal mischief. The jail assigned a "no bond hold" because the burglary was a first degree felony punishable by life in prison. On May 17, 1998, petitioner had his first appearance hearing, at which the committing magistrate removed the "no bond hold" and set bond at $3,000. Petitioner posted bond and was released from custody the next day.
The state filed an information charging petitioner with one count of burglary with a battery. Petitioner was arraigned July 13, 1998, at which time the trial judge revoked bond altogether, without prior notice to petitioner or a motion by either side to modify bond. The judge told petitioner:
THE COURT: I got some bad news for you, Mr. Cousino. I'm revoking your bond from Judge Pollack and setting it as a standard bond which is no bond. You are entitled to a bond hearing which is an Arthur Hearing. At which time, the State will have to come forward to present proof evidence (sic) presumption great. Absence *600 of that hearing, you're not entitled to that $3,000 bond. And I'm revoking it at this point. I'm taking you into custody.
The trial judge thereupon entered an order revoking petitioner's bond and remanding him into custody on July 13, 1998. That led to this petition for writ of habeas corpus.
The trial court impermissibly increased bond on its own motion, which it is without authority to do. Flemming v. Cochran, 694 So.2d 131 (Fla. 4th DCA 1997); Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA 1995); Keane v. Cochran, 614 So.2d 1186 (Fla. 4th DCA 1993).
Florida Rule of Criminal Procedure 3.131(d)(2) provides that bond may be modified on motion by the state showing good cause and with at least three hours' notice to the attorney for the defendant.
It is true that petitioner was not automatically entitled to release on bond given the nature of his offense. However, the Supreme Court of Florida held in State v. Arthur, 390 So.2d 717 (Fla.1980) that a trial court has discretion to grant or deny bail for a person accused of an offense punishable by life, or a capital offense, when the proof of guilt is evident or the presumption great. That court also ruled that before a trial court can deny bail, the state must have carried the burden of establishing that the proof of guilt was evident or the presumption great. The state did not carry that burden in this case. It did not even request pretrial detention or modification of the bond which was imposed.
It was for these reasons that we previously granted the petition for writ of habeas corpus, quashed the July 13, 1998 order revoking bond, and ordered the original bond of $3,000 reinstated, without prejudice to the state's right to seek revocation of bond on appropriate grounds in the trial court, if there are any.
GRANTED AND QUASHED.
SHAHOOD, GROSS and TAYLOR, JJ., concur.