744 So.2d 1148 (1999)
Yolanda MONTGOMERY, Petitioner,
v.
Ken JENNE, as Sheriff of Broward County, Florida, and State of Florida, Respondents.
No. 99-3465.
District Court of Appeal of Florida, Fourth District.
October 28, 1999.
*1149 Alan H. Schreiber, Public Defender, and Sarah W. Sandler, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for respondents.
PER CURIAM.
At a hearing on Petitioner's motion to reduce bond, the trial court sua sponte increased her bond, doing so after viewing photographs of the victim's injuries, which had been detailed in the probable cause affidavit. The magistrate had considered the affidavit, but not the photographs, in setting Petitioner's initial bond. We grant her petition for writ of habeas corpus and quash that portion of the order increasing her bond.
A trial court does not have the authority to increase bond on its own motion. See Cousino v. Jenne, 717 So.2d 599, 600 (Fla. 4th DCA 1998); Bowers v. Jenne, 710 So.2d 681, 682 (Fla. 4th DCA 1998); Flemming v. Cochran, 694 So.2d 131 (Fla. 4th DCA 1997). Although the issue of Petitioner's bond had been raised by her motion to reduce it, Petitioner was given no notice of any application to increase it. See Fla. R.Crim. P. 3.131(d)(2) ("The state may apply for modification of bail by showing good cause and with at least 3 hours' notice to the attorney for the defendant.").
Second, increasing a defendant's bond is improper unless the state shows that the increase is warranted by information not available to the committing magistrate who set the initial bond. See Bowers; Santos v. Garrison, 691 So.2d 1172 (Fla. 4th DCA 1997); Keane v. Cochran, 614 So.2d 1186, 1187 (Fla. 4th DCA 1993); Sikes v. McMillian, 564 So.2d 1206 (Fla. 1st DCA 1990); Kelsey v. McMillan, 560 So.2d 1343 (Fla. 1st DCA 1990). Here, Petitioner's bond was increased based on the same information that was presented to the magistrate who set her initial bond, namely, that she broke the victim's ribs. The photographs that the court reviewed prior to increasing bond were not shown to contain additional information not available to the committing magistrate, but only the same information in a different form.
Accordingly, the petition is granted and the order increasing bond is quashed.
GUNTHER, SHAHOOD and HAZOURI, JJ., concur.