PER CURIAM.
Donald Homerding seeks review, by way of habeas corpus, of an order granting the State’s motion for pretrial detention following the withdrawal of his plea on DUI manslaughter and related charges stemming from a November 21, 1997 fatal automobile accident. Homerding was originally released on $17,000 bond. After his plea was entered and withdrawn, the State filed its motion for pretrial detention which the trial court granted. We grant Hom-erding’s petition for writ of habeas corpus and remand for reinstatement of the original bond.
In Montgomery v. Jenne, 744 So.2d 1148, 1149 (Fla. 4th DCA 1999), this court explained that
increasing a defendant’s bond is improper unless the state shows that the increase is warranted by information not available to the committing magistrate who set the initial bond. See Bowers [v. Jenne, 710 So.2d 681, 682 (Fla. 4th DCA 1998)]; Santos v. Garrison, 691 So.2d 1172 (Fla. 4th DCA 1997); Keane v. Cochran, 614 So.2d 1186, 1187 (Fla. 4th DCA 1993); Sikes v. McMillian, 564 So.2d 1206 (Fla. 1st DCA 1990); Kelsey v. McMillan, 560 So.2d 1343 (Fla. 1st DCA 1990).
Nothing in the record shows any violation or failure to appear has occurred since *350 Homerding was initially released on $17,000 bond on August 31, 1998.[1] The State failed to show that Homerding’s record contains any new information or information not previously relied upon by the trial court that originally set the bond. Additionally, the State cites no authority for its position that Homerding’s entry of a plea which was later withdrawn, and his consequent short-term entry into the prison system, was new information that the trial court could properly consider in reevaluating Homerding’s entitlement to a reasonable bail.
The case is remanded with direction that the trial court reinstate the initial bond.[2]
POLEN, C.J., STONE and STEVENSON, JJ., concur.

. We note that the 2000 amendments to Florida Statutes section 907.041 are not applicable to Homerding. See State v. Paul, 783 So.2d 1042 (Fla.2001).

. In light of the State’s unsupported allegation in its response that it believes that information as to the petitioner’s record was not available or presented at the initial bail hearing, this opinion is without prejudice to the State bringing and demonstrating such a claim on remand.