PER CURIAM.
Brian Kablitz filed a habeas corpus petition challenging as illegal his detention for violation of supervised release. This court earlier granted that petition, advising that an opinion would follow.
In this case, Kablitz is charged in Palm Beach County with aggravated stalking, throwing a deadly missile and making a false report of a non-existent crime. He was arrested and released on a $10,000 bond and conditions for supervised release. He posted that bond and was released. Kablitz is separately charged in another case pending in Palm Beach County. Apparently it was not known at the time that he was released that Kablitz had earlier committed the other separately charged and unrelated offenses. He was later arrested in that other case, and released on a $5,000 bond, which he also posted. At that time, he learned that there was a warrant for violation of his supervised release in this case. He filed a motion to review his custody status in this case, and explained to the court that he had not actually violated his supervised release because the other offense had occurred earlier than the time of his release in this case. This was not disputed. Thus, he could not have violated the conditions of his supervised release in this case. His counsel further advised the court that the clerk’s office apparently had made an error in stating the date of the other offenses, prompting the court to issue the warrant for violation of supervised release. Kablitz asked the court to withdraw the warrant for violation of supervised release and reinstate the bond as posted in this case. The trial judge denied that request, apparently agreeing with an argument made by the prosecutor that the other offense was new information not known by, or disclosed to, the judge at the time of the bond and supervised release in this case.
It is settled that a trial court may not increase a defendant’s bond “unless the state shows that the increase is warranted by information not available to the committing magistrate who set the initial bond.” Montgomery v. Jenne, 744 So.2d 1148, 1149 (Fla. 4th DCA 1999); see also Homerding v. Jenne, 804 So.2d 349, 349 (Fla. 4th DCA 2001). Here, the trial court did not actually increase or revoke the earlier imposed bond, but rather it denied release and discharge of a warrant for violation of supervised release, which both petitioner and the state conceded was factually erroneous. It was undisputed that petitioner did not violate the conditions of his release in this case based on the earlier committed offenses in the other case.
For these reasons, we previously granted the petition for writ of habeas corpus by order, and remanded this case to the trial court to dismiss or discharge the warrant for violation of supervised release, and to order Kablitz’s release on the bond and conditions already in place.
FARMER, C.J., GUNTHER and WARNER, JJ., concur.