935 So.2d 120 (2006)
Hakam SUELIMAN, Petitioner,
v.
Ken JENNE, as Sheriff of Broward County, Florida, and State of Florida, Respondents.
No. 4D06-2005.
District Court of Appeal of Florida, Fourth District.
August 9, 2006.
*121 Cyrus A. Bischoff of Bischoff & Associates, P.A., Miami, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for respondents.

ON MOTION FOR RECONSIDERATION
PER CURIAM.
We previously granted in part and denied in part this petition for writ of habeas corpus. Petitioner timely moved for reconsideration. We grant the motion, withdraw our previous order, and substitute the following decision in its place.
The petition for writ of habeas corpus is granted. The trial court abused its discretion when it sua sponte increased petitioner's bond in this case to more than $1 million. Montgomery v. Jenne, 744 So.2d 1148 (Fla. 4th DCA 1999); Cousino v. Jenne, 717 So.2d 599, 600 (Fla. 4th DCA 1998); Bowers v. Jenne, 710 So.2d 681, 682 (Fla. 4th DCA 1998); Flemming v. Cochran, 694 So.2d 131 (Fla. 4th DCA 1997). Petitioner was not given notice that his bond on three charges, to wit: solicitation to commit armed robbery, conspiracy to commit armed robbery, and loitering and prowling, would be subject to increase at the hearing on petitioner's motion to set bond on the charge of attempted armed robbery. The bond amounts initially set by the magistrate on the three counts are hereby reinstated. On remand, the state will be permitted to seek an increase in bond on these counts by filing an appropriate motion. See Keane v. Cochran, 614 So.2d 1186 (Fla. 4th DCA 1993).
Based on the record before us, we also determine that the $500,000 bond set by the trial court on the attempted armed robbery count was unreasonable and tantamount to no bond. The trial court did not hear sufficient evidence on the nature and extent of petitioner's financial resources to justify the bond amount on this count. Patterson v. Neuman, 707 So.2d 946 (Fla. 4th DCA 1998); Mesidor v. Neumann, 721 So.2d 810 (Fla. 4th DCA 1998). The trial court shall hold a new bond *122 hearing as soon as practicable and consider all the relevant factors in setting a reasonable bond on this count. Fla. R.Crim. P. 3.131; § 903.046, Fla. Stat. (2005).
We reject petitioner's contention that insufficient probable cause existed to support the attempted armed robbery count.
STEVENSON, C.J., SHAHOOD and TAYLOR, concur.