PER CURIAM.
The petitioner filed for a writ of habeas corpus. He argues that the trial court improperly increased his bond sua sponte. We agree and grant the petition.
The trial court found probable cause and set bond in petitioner’s case at the first appearance hearing. Not long after the hearing ended and after petitioner was outside the courtroom, a disturbance could be heard by those inside the courtroom. The judge inquired about the noise, which was apparently someone’s voice. An unidentified person told the judge that petitioner had been “very verbal” on his way to the holding cell. The court then stated:
I m going to modify his release conditions. The court finds that an individual who can’t comport themselves in court— the court has limited confidence he’ll be able to comply with these conditions.
Over the defense counsel’s objection, the trial court increased petitioner’s bond sua sponte.
A trial court does not have the authority to increase bond on its own motion. Sueliman v. Jenne, 935 So.2d 120 (Fla. 4th DCA 2006); Montgomery v. Jenne, 744 So.2d 1148 (Fla. 4th DCA 1999); Cousino v. Jenne, 717 So.2d 599 (Fla. 4th DCA 1998). In addition, once bond has been set, any modification of bond necessitates notice be given to the defendant. Fla. R.Crim. P. 3.131(d)(2); Flemming v. Cochran, 694 So.2d 131, 133 (Fla. 4th DCA 1997).
The trial court abused its discretion when it sua sponte increased petitioner’s bond after petitioner had left the courtroom and without giving petitioner notice. Accordingly, we grant the petition for writ of habeas corpus and quash the order increasing bond. The case is remanded for *280 reinstatement of the bond and conditions originally set.
SHAHOOD, C.J., STEVENSON and MAY, JJ., concur.