972 So.2d 1021 (2008)
Arthur Lee CREECH, Petitioner,
v.
Timothy P. RYAN, Director Miami-Dade Corrections and Rehabilitation Department, and The State of Florida, Respondents.
No. 3D08-1.
District Court of Appeal of Florida, Third District.
January 10, 2008.
*1022 Bennett H. Brummer, Public Defender, and John Eddy Morrison, Assistant Public Defender, for petitioner.
Bill McCollum, Attorney General, and Michael C. Greenberg, Assistant Attorney General, for respondents.
Before COPE, RAMIREZ, and SALTER, JJ.
PER CURIAM.
Arthur Lee Creech petitions this Court for a writ of habeas corpus seeking his release from illegal incarceration. Creech claims that he is being illegally held on an excessive bond of $1,000,000.00. Because we agree that habeas corpus relief is appropriate under the facts presented, we grant the petition and order the reinstatement of Creech's original conditions of pretrial release.
Creech was charged with five counts of lewd and lascivious molestation of a child. He was arrested on August 14, 2007, and released on bail in the amount of $22,500.00 on August 22, 2007. Creech's wife obtained a civil restraining order against him on August 13, 2007, and Creech was served with the injunction at the county jail.
On September 11, 2007, the State filed a motion seeking to revoke Creech's bond. The trial court heard the motion that same day and continued the hearing until September 17, 2007. At the hearing on September 17, the trial court ruled that Creech could remain out on bond, but added four conditions: (a) Creech was to be under house arrest with an electronic monitor equipped with GPS tracking; (b) Creech could leave the house in order to work; (c) Creech was to have restricted internet access limited to business purposes; and (d) Creech was not to have contact with any minor children except his second child, who was two years old.
On October 18, 2007, Creech requested that the court allow him to attend the Ft. Lauderdale Boat Show on October 25 through 29 for work-related reasons. The court granted the motion and also ordered the Department of Corrections to check and print all of Creech's Internet activity since September 18, 2007. On October 30, 2007, the Public Defender placed the case on calendar and objected to the court having *1023 the Department of Corrections monitor Creech's computer. Despite the fact that Creech had not violated the terms of his release since the trial court had modified the conditions, the trial court sua sponte revoked Creech's bond.
The Public Defender objected to the revocation because a change in circumstances had not occurred since Creech's release. The attorney informed the trial court that he was going to appeal the ruling. The trial court then vacated the revocation of pre-trial release and imposed bond in the amount of $1,000,000.00. Creech remains in custody, and this petition for writ of habeas corpus was filed.
Before the State can seek to modify a bond, the State must have "good cause", with notice to the defendant, to move to modify the bond pursuant to Florida Rule of Criminal Procedure 3.131(d). Keane v. Cochran, 614 So.2d 1186, 1187 (Fla. 4th DCA 1993). The State, must prove "a change in circumstances or additional evidence" since the bond was originally set. Burton v. Felton, 625 So.2d 1334, 1335 (Fla. 3d DCA 1993). The State bears the burden of affirmatively proving the changed circumstances. Sikes v. McMillian, 564 So.2d 1206, 1208 (Fla. 1st DCA 1990). If the State does not prove that the information was not before the original judge, the bond must be reduced to the level originally set. Santos v. Garrison, 691 So.2d 1172 (Fla. 4th DCA 1997). Moreover, the trial court cannot on its own initiative increase bond. Sueliman v. Jenne, 935 So.2d 120, 121 (Fla. 4th DCA 2006).
From the limited record presented in the case before us, there is no showing of changed circumstances and no notice to Creech that the trial court intended to increase his bond. All the reasons for revoking the bond were known previously to the trial judge, and there was no additional evidence presented since the bond was originally set.
Accordingly, Creech's petition for writ of habeas corpus is granted, we quash the order holding him on $1,000,000.00 bond, and remand for the trial court to reinstate the original conditions of Creech's pre-trial release.
This opinion shall take effect immediately and will not be delayed by the filing of any motion for rehearing or other post-decision motion.