PER CURIAM.
Petitioner seeks a writ of habeas corpus challenging the trial court’s sua sponte modification of bond from $5,000 to $500,000 on Count I. We grant the petition.
A trial court is without authority to sua sponte increase bond. Montgomery v. Jenne, 744 So.2d 1148, 1149 (Fla. 4th DCA 1999). Florida Rule of Criminal Procedure 3.131(d) permits the State to seek modification of bond by showing good cause and with at least three hours’ notice to defendant’s counsel. “The State must prove ‘a change in circumstances or additional evidence’ since the bond was originally set.” Creech v. Ryan, 972 So.2d 1021, 1023 (Fla. 3d DCA 2008). The State has the burden to bring new information to the court’s attention and “[a]bsent such, the initial bond must be reinstated.” Santos v. Garrison, 691 So.2d 1172 (Fla. 4th DCA 1997). Here, the State did not move for modification of bond, and the modification was done without notice. Rather, the trial court sua sponte issued an arrest warrant, stating that the court did not have all the facts at Petitioner’s first appearance hearing and had “mistakenly set a bond inappropriate to the actual charges.” The court ordered Petitioner’s re-arrest and reset bond at $500,000.
The petition for habeas corpus is granted to the extent that we quash the order holding Petitioner on $500,000 bond and remand for the trial court to reinstate Petitioner’s $5,000 bond. Upon remand, the State may, if appropriate, move for modification of bond after providing proper notice to Petitioner’s counsel.
PETITION GRANTED; CAUSE REMANDED.
GRIFFIN, EVANDER, and JACOBUS, JJ., concur.