WARNER, J.
Criminal defendant, Isaiah Cameron, petitions for a writ of habeas corpus seeking to reinstate his initial bond and conditions, as the trial court sua sponte added additional pretrial release conditions after Cameron had been declared incompetent and then restored to competency. We grant the writ, concluding that the trial court does not have authority to sua sponte modify petitioner’s bond.
In July 2011, Cameron was arrested for four crimes, and the first appearance magistrate set bonds for each charge. No special conditions were attached to his pretrial release at that time. Cameron could not post bond and remained incarcerated. In March 2012, the court found Cameron incompetent to proceed and committed him to the state hospital. In May 2012, the court found Cameron competent. He was returned to court. At a July 2012 bond hearing, the court reinstated the original monetary conditions but added, over defense objection, “Standard Pretrial Release” supervision and no contact with the victim. The pretrial program requires, among other tasks, reporting to a Pretrial Services Specialist by telephone twice a week; a prohibition on petitioner, restricting him from leaving the tri-county area or changing his address; paying for any urinalysis drug testing, if requested; and, advising his pretrial specialist if he is hired for or fired from a job. He must also report to the pretrial specialist before and *550 after every court appearance. Following the imposition of these conditions by the trial court, Cameron filed this petition for writ of habeas corpus.[1]
A trial court is without authority to sua sponte increase a bond. Montgomery v. Jenne, 744 So.2d 1148, 1149 (Fla. 4th DCA 1999). See also Griffin v. McRay, 890 So.2d 341, 341 (Fla. 3d DCA 2004); Plummer v. State, 65 So.3d 524 (Fla. 2d DCA 2011); Faella v. State, 90 So.3d 995, 996 (Fla. 5th DCA 2012). While in this case, the court did not increase the amount of the bond, it added significant and substantial conditions on Cameron’s release, the violation any of which could result in Cameron’s pretrial detention. Florida Rule of Criminal Procedure 3.131(b)(1) provides that “bail is defined as any of the forms of release stated below,” which includes various restrictions on travel, and residence, as well as any other conditions necessary to insure appearance by the defendant. Florida Rule of Criminal Procedure 3.131(d)(2) provides for applications for modification of bail by either the defendant or the state on three hours notice. It does not provide authority for the trial court to increase bail without such application. Here, the state never requested any modification of the original undertaking.
The petition is therefore granted, and the court is directed to remove the “standard pretrial release” program as a condition of release. This is without prejudice to the state filing a motion to modify bail, should it be able to satisfy the provisions of the rules.
STEVENSON and CIKLIN, JJ„ concur.

. He has since posted the bail amount.