SHEPHERD, J.
Andrew Tagliamonte petitions for a Writ of Habeas Corpus, alleging the trial court abused its discretion by sua sponte modifying the conditions of his pretrial release bond. We agree and grant the petition.
On February 28, 2013, Andrew Tagliam-onte was arrested for attempting to sell oxycodone to an informant. Andrew Ta-gliamonte also offered to sell the informant cannabis which he claimed to have in his home. This led the officers to search Andrew Tagliamonte’s home, which he shared with his wife and their three-year-old son. Officers found cannabis in the refrigerator and both Mr. and Mrs. Tagliamonte were arrested.
The State filed various cases against the Tagliamontes. Case No. F13-4914 charged Andrew Tagliamonte with first-degree drug trafficking, arising from the February 28, 2013, attempted sale of oxy-codone. Case No. F13-4982 charged Andrew Tagliamonte with first-degree drug trafficking, arising from a December 2012 sale of oxycodone. Case No. F13-4983 charged Andrew Tagliamonte with one count of possession/intent to sell cannabis and one count of child neglect, arising from the cannabis found in the refrigerator. Case No. F13-4896 charged Marisa Tagliamonte with possession/intent to sell cannabis, arising from the cannabis found in the refrigerator. Apparently, the first appearance/bond hearing on all cases was held on March 1, 2013, at which time bond was set and an order entered directing Andrew Tagliamonte to stay away from Marisa Tagliamonte.
*354 Subsequently, the State dismissed the charges against Marisa Tagliamonte. Andrew Tagliamonte moved to modify the conditions of his release, asking the court to remove the order to stay away from his wife. The trial court acceded to Andrew Tagliamonte’s request, but, based on the charge of child neglect, sua sponte entered an order that he stay away from his minor son. In so doing, the trial court abused its discretion.
Florida Rule of Criminal Procedure 3.131(d)(2) authorizes the State to apply for modification of pretrial release conditions, but only on “showing good cause and with at least 3 hours’ notice to the attorney for the defendant.” A trial court is without authority sua sponte to modify a previously set pretrial release bond. See Cameron v. State, 127 So.3d 549, 550, 2012 WL 5349405, *1 (Fla. 4th DCA 2012) (granting a writ of habeas corpus where trial court sua sponte “added significant and substantial conditions” to defendant’s release bond); Simmons v. State, 915 So.2d 732 (Fla. 2d DCA 2005) (holding trial court may not increase bond on grounds not raised by the State without prior notice to defendant); Griffin v. McRay, 890 So.2d 341 (Fla. 3d DCA 2004) (granting habeas corpus, stating State did not move to modify pretrial release conditions and did not establish increased bail was warranted by information not available to the magistrate setting initial pretrial release conditions); Bowers v. Jenne, 710 So.2d 681, 681 (Fla. 4th DCA 1998) (stating “trial court impermissibly increased the bond on its own motion, without adequate prior notice to the [defendant]”).
We sympathize with the court’s concern for the welfare of the minor child under the circumstances of this case. However, as the State acknowledges, any issue of child endangerment should be referred to the Department of Children and Families. The petition, therefore, is granted, without prejudice to the State taking appropriate steps to refer the matter to the Department.
This opinion shall take effect immediately notwithstanding the time for filing a motion for rehearing.
Petition granted.