564 So.2d 1206 (1990)
Terrance D. SIKES, Petitioner,
v.
Jim McMillian, Sheriff of Duval County, and the State of Florida, Respondents.
No. 90-1787.
District Court of Appeal of Florida, First District.
July 25, 1990.
Cyra O'Daniel of Sheppard and White, Jacksonville, for petitioner.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., for respondents.
PER CURIAM.
This court previously granted Terrance Sikes' petition for writ of habeas corpus by unpublished order. We now publish this opinion to make known our reasons for granting relief.
Sikes was arrested on May 29, 1990, for possession and purchase of cannabis. He made a first appearance on the following day and bail was set at $5,003. That bond was posted and petitioner was released. On June 12 an information was filed charging him with purchase of cannabis, purchase of more than 20 grams of cannabis, and conspiracy to purchase cannabis. He was arraigned the following day and the public defender was appointed to represent him. The state requested that the case be *1207 put back on the calendar for consideration of a motion to increase bail. That motion was hand delivered and taken up at hearing on June 14. The motion states in pertinent part:
1. The defendant is charged with purchase of marijuana and conspiracy to purchase marijuana.
2. The defendant purchased 10 pounds of marijuana.
3. Due to the amount of marijuana the defendant purchased, the state believes the defendant intended to resell the said marijuana for profit.
Wherefore, the state respectfully requests this honorable court to increase bond in this case in order to ensure the defendant's appearance in court and to protect the community against unreasonable danger from this defendant.
During the arraignment Sikes testified that he is employed as a carpet installer and averages $300 per week in earnings. He has no prior criminal record and is a lifelong resident of the community.
Circuit Judge David Wiggins found that the $5,003 bail ordered at first appearance was inadequate. He rejected the request for a $50,000 bail made by the state but set it at $25,003 and set pretrial for June 27.
Sikes petitioned this court for relief by petition for writ of habeas corpus. He argued that the state did not file a motion for preventive detention pursuant to section 907.041, Florida Statutes, nor did the trial judge make any factual findings necessary for such detention. Likewise, the trial court did not fairly weigh the factors set forth in section 903.046 to justify raising the bail. Petitioner also shows that there were no changed circumstances or newly discovered facts before the circuit judge which were not also known to the first appearance judge when the bond was set at $5,003. Pursuant to Kelsey v. McMillan, 560 So.2d 1343 (Fla. 1st DCA 1990), the increase in bail was therefore impermissible and Sikes contended he should be released on the $5,003 bond originally posted.
We issued an order which directed the respondent to show cause why the relief sought by Sikes should not be granted. First, respondent showed that the matter of bail is generally left to the discretion of the trial court. State ex rel. Smith v. Untreiner, 246 So.2d 158 (Fla. 1st DCA), cert. denied, 250 So.2d 643 (Fla. 1971). Respondent also argued that the actions of the circuit judge were in accord with section 903.046(2)(h), Florida Statutes. Finally, it was asserted that the increase in bail was justified because Judge Wiggins had information about the amount and purchase price of the marijuana that was not available to the first appearance judge. We will address these arguments in sequence.
While it is true that the matter of the amount of bail to be posted by a defendant to secure pre-trial release is one for the discretion of the trial court, that discretion is not unbridled. Where a habeas corpus petitioner demonstrates that the amount of bail is unreasonable under the circumstances, an appellate court will grant relief. See, e.g., Kelsey; Rawls v. State, 540 So.2d 946 (Fla. 5th DCA 1989); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980); State ex rel. Bardina v. Sandstrom, 321 So.2d 630 (Fla. 3d DCA 1975); State ex rel. Crabb v. Carson, 189 So.2d 376 (Fla. 1st DCA 1966).
Section 903.046(2)(h) provides that in determining whether to grant pre-trial release and, if so, the conditions of that release, the trial court shall consider:
The street value of any drug or controlled substance connected to or involved in the criminal charge. It is the finding and intent of the Legislature that crimes involving drugs and other controlled substances are of serious social concern, that the flight of defendants to avoid prosecution is of similar serious social concern, and that frequently such defendants are able to post monetary bail using the proceeds of their unlawful enterprises to defeat the social utility of pretrial bail. Therefore, the courts should carefully consider the utility and necessity of substantial bail in relation to *1208 the street value of the drugs or controlled substances involved.
We find that this statutory provision cannot support the trial court's decision to increase bail. Sikes was charged with purchase, not sale, of drugs. Thus, there would be no profits from this particular transaction which petitioner might have used to post bond nor did the state make any allegations or show that Sikes had previously bought or sold drugs. We find that the facts before the circuit court, without more, would not support an increase in bail pursuant to section 903.046(2)(h).
At the hearing on the motion for increase the attorneys made conflicting statements as to whether the first appearance judge had the same information as Judge Wiggins on the price and amount of cannabis sold to Sikes. This conflict was not resolved, however, and we therefore find that the state, as movant, failed to carry its burden of demonstrating adequate grounds for an increase in bail.
Upon consideration of the foregoing, we determined that Sikes had shown entitlement to relief and granted his petition, directing that he be released on posting of bond in the amount of $5,003, as set at first appearance.
WRIT ISSUED.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.