614 So.2d 1186 (1993)
Steven KEANE, a/k/a Steven Keam, Petitioner,
v.
Ron COCHRAN, as Sheriff of Broward County, Florida and the Honorable John A. Frusciante, Circuit Court Judge of the 17th Judicial Circuit, in and for Broward County, Florida, Respondents.
No. 93-0393.
District Court of Appeal of Florida, Fourth District.
February 19, 1993.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Asst. Public Defender, Fort Lauderdale, for petitioner.
*1187 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for respondent-Judge John A. Frusciante.
WARNER, Judge.
We grant the petition for writ of habeas corpus to quash an order increasing petitioner's bond, holding that the state failed to prove good cause based upon new information or change of circumstances to warrant an increase in the bond.
Petitioner was arrested for multiple offenses including leaving the scene of an accident involving injuries, driving under the influence, and driving with a suspended license. In the affidavit of probable cause, the officer not only recited the facts surrounding the arrest, he also noted that petitioner's driver's license was suspended for DUI and that he had three prior convictions for DUI. At the first appearance hearing bond was set at $2,100.
About a month later, and after the petitioner had appeared for several pretrial hearings, the assigned judge twice directed the state to move to increase bond based upon the judge's opinion that in light of petitioner's past record the bond was not high enough. That judge later was recused.
The state filed a motion to increase the bond some three months after the arrest. As grounds for increasing the bond, the state contended that the defendant was a serious threat to the community in view of his pending charges and his three prior convictions for DUI, the last of which occurred eleven years ago. The state also mentioned that defendant had several other convictions for crimes, the last of which was also eleven years ago.
No evidence supporting an increase in bond was presented at the hearing. All that was before the court was petitioner's prior record as related by the state, the majority of which was contained in the arrest affidavit. The judge noted that he was not concerned with the prior record but with the combination of the current charges of driving while license suspended and DUI. The judge believed that based on the strength of the case against appellant and these two charges, it brought question to the court's mind as to whether petitioner had shown he was capable of following the law and that petitioner was a danger to the community. The judge increased the bond to $10,000.
The rules of criminal procedure provide for the setting of conditions of release at the first appearance hearing. Fla. R.Crim.P. 3.131(b). The rules require the judge to consider all available relevant factors in determining the conditions for release and whether to require bail. These include the nature and circumstance of the offenses charged, the weight of the evidence against the defendant, the defendant's family ties and length of residence in the community, the defendant's prior record, and the defendant's dangerousness to the community. See Fla.R.Crim.P. 3.131(b)(3). Once bail is set, the state may move to modify it "by showing good cause" with notice to the defendant. Fla. R.Crim.P. 3.131(d)(2).[1]
In order to have good cause to modify a bond, the state must present evidence of a change in circumstances or information not made known to the first appearance judge. In Kelsey v. McMillan, 560 So.2d 1343 (Fla. 1st DCA 1990), the First District held that where a stated reason for an increase in the bond was known both to the state and the first appearance judge at the time the original bond was set, there was no showing of a change of circumstances to justify the increased bonds. This reasoning was also followed in Sikes v. McMillian, 564 So.2d 1206 (Fla. 1st DCA 1990), where the court held that where there was conflicting evidence as to whether the first appearance judge had the same information as the trial judge who increased a bond, and the conflict was not resolved, the state failed to carry its burden *1188 of demonstrating adequate grounds to increase bail.
Similarly, in the instant case the state failed to prove that the information relied upon by the trial judge to justify an increase in the bond was not available to the first appearance judge who set the initial bond. The arrest affidavit was before the first appearance judge, and it had most of petitioner's prior record. Furthermore, the specific combination of charges for which petitioner was arrested was on the very front of the arrest affidavit. In line with Sikes, we therefore hold that the state failed to carry the burden of demonstrating adequate grounds to increase bail.
We therefore grant the writ and quash the order increasing the bond.
LETTS and POLEN, JJ., concur.
NOTES
[1] In contrast there is no requirement of showing good cause when a defendant moves to reduce bond. Fla.R.Crim.P. 3.131(d)(2). This suggests that the state has a greater burden to carry to increase a bond than defendant has to reduce it.