691 So.2d 1172 (1997)
Jose SANTOS, Petitioner,
v.
Honorable Edward GARRISON, Circuit Judge, and Robert Neumann, Sheriff, Palm Beach County, Respondents.
No. 97-1229.
District Court of Appeal of Florida, Fourth District.
April 18, 1997.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for respondents.
PER CURIAM.
We grant this petition for writ of habeas corpus and quash an order revoking Petitioner's bond and directing that he be held without bond.
Initially bond was set at the first appearance hearing. Bond was posted and Petitioner was released. At a subsequent hearing, before a different judge, Petitioner acknowledged that he was an illegal alien. The court, sua sponte, revoked Petitioner's bond and ordered that he be held without bond with leave to re-apply following release clearance by the "border patrol." The record does not reflect whether Petitioner's immigration status was disclosed at the time bond was initially set.
It is undisputed that an increase in, or revocation of, bond may be imposed only based on a change in circumstances or upon information not disclosed to the court at the time bond was previously established. It is the state's burden to bring such new information to the court's attention. Absent such, the initial bond must be reinstated. See *1173 Keane v. Cochran, 614 So.2d 1186 (Fla. 4th DCA 1993); Kelsey v. McMillan, 560 So.2d 1343 (Fla. 1st DCA 1990); Sikes v. McMillian, 564 So.2d 1206 (Fla. 1st DCA 1990).
We have considered 8 U.S.C. § 1252(c), apparently relied on by the trial court, and deem it inapposite. The detention of illegal aliens contemplated by that law requires a showing that the accused has previously been convicted of a felony and receipt of an appropriate hold from the Immigration and Naturalization Service for the purpose of taking the individual into federal custody.
Therefore, we grant the petition, vacate the order, and remand with direction that the court conduct an immediate hearing and either reinstate the initial bond, or, upon proper motion and notice, reconsider the bond in the event Petitioner's status was not disclosed at the time the bond was initially set.
STONE, KLEIN and SHAHOOD, JJ., concur.