PER CURIAM.
We grant the petition for writ of habeas corpus. The record provided by petitioner establishes that the information concerning the alleged threats to witnesses and the victim had already been communicated to Judge Gardiner, who initially set bond, and that Judge Gardiner imposed a bond of $100,000 based on those alleged threats. No new information was presented to Judge Goldstein, the second judge to hear the case, warranting a revocation of bond. See Montgomery v. Jenne, 744 So.2d 1148 (Fla.App. 4th DCA 1999) (an increase in bond is improper unless state shows that increase is warranted by information not available to committing magistrate who set initial bond); Santos v. Garrison, 691 So.2d 1172 (Fla. 4th DCA 1997) (increase in or revocation of bond may be imposed only based on change in circumstances or upon information not disclosed to court at time bond was previously established; state’s burden to bring such new information to court’s attention; absent such evidence initial bond must be reinstated); Kelsey v. McMillan, 560 So.2d 1343 (Fla. 1st DCA 1990) (where stated reason for increase in bond was known both to the state and the first appearance judge at the time the original bond was set, there was no showing of a change of circumstances to justify the increased bond). Because petitioner could not have known that this information had in fact been communicated to and relied on by the initial judge in setting bond until he took the deposition of Detective Leischen, appellate review of Judge Goldstein’s revocation of bond was not reasonably likely to afford petitioner appropriate relief. Judge Julian, who was assigned to the case after Judge Goldstein was recused, should have considered the deposition testimony in order to determine if this information was available from the outset.
Accordingly, this matter is remanded for reinstatement of a reasonable bond in light of all the circumstances presented. Any motion for rehearing shall be filed within five days of the release of this opinion.
FARMER, KLEIN and GROSS, JJ., concur.