FLETCHER, Judge.
Rogelio Calixtro petitions for a writ of habeas corpus, arguing that modification of his pretrial release conditions is illegal and that he is entitled to reinstatement of the original terms. We deny the petition for habeas corpus.
Calixtro was arrested and charged with a sexual battery. At first appearance, the state moved the court to set Calixtro’s bond on the basis of his prior convictions for aggravated stalking, aggravated battery, and false imprisonment. The state at that time made Calixtro’s prior record available to the court and informed the court that, should he be convicted as charged, Calixtro faced a guidelines sentencing range of 10.2 to 15 years in state prison. Over the state’s objections, the trial court set bond at $7,500.
At the subsequent arraignment, the state filed a one-count information charging Calixtro with sexual battery, along with written notice of the state’s intent to pursue enhanced sentencing penalties. The state informed the court that Calixtro *1080 qualified as an habitual felony offender, an habitual violent felony offender, a three-time violent felony offender, and a violent career criminal. The state at that time sought to have Calixtro’s bond increased to $100,000, advising the court that with the current sentencing enhancements, Calixtro could be sentenced up to forty years, with a thirty year mandatory minimum. After thorough consideration of Calixtro’s prior and current circumstances, the trial court granted the state’s motion to increase bond, setting it at $50,000.
Pursuant to Florida Rule of Criminal Procedure 3.181(d)(3), a trial court may consider, inter alia, “the nature and circumstances of the offense charged and the penalty provided by law.” [e.s.] Although the “nature and circumstances” of Calix-tro’s offense did not change between first hearing and arraignment, the penalty provided by law did. The court is bound to consider any condition deemed necessary to assure a defendant’s appearance as required, and the penalty Calixtro faced increased significantly with the state’s notice of intent to pursue enhanced sentencing. Fla. R.Crim. P. 3.131(b)(1)(F). The enhanced penalties to which Calixtro was formally subject at arraignment were not those known to the judge at first appearance. We find that this constitutes sufficient evidence of a change of circumstances to warrant upward modification of bond and pretrial release terms. See Fla. R.Crim. P. 3.131(d)(2)(state may only seek to modify bond for “good cause”); Keane v. Cochran, 614 So.2d 1186 (Fla. 4th DCA 1993)(in order to have good cause to modify bond, state must present evidence of changed circumstances not made known to first appearance judge).
Petition denied.