WARNER, J.
Daniel Lee petitions this court for a writ of habeas corpus, seeking review of the circuit court’s order denying his motion to modify bond after the state nolle prossed a second charge which had resulted in the increase of his original bond. We previously granted the petition and ordered reinstatement of the original bond. We now write to explain that we granted the petition because the state presented no new information which would justify the increased bond amount once the second charge was dismissed.
Lee was charged in two separate cases with burglary of a structure and grand theft in the first case and trespass and grand theft auto in the second. At first appearance on both charges the court set a bond of $25,000 or “supervised own recognizance” release (“SOR”) with in-home treatment. Lee was released on SOR. Six months later he was arrested for a new offense of robbery with a deadly weapon. He moved for bond, which the court set at $50,000 with house arrest on all three pending cases, thus modifying the original bond. The state nolle prossed the robbery charge another six months later, and Lee moved to modify the bond to return it to the original bond.
At the hearing on modification, the state argued that the higher bond was appropriate because of the length of the prison term Lee was facing due to his extensive prior record. Defense counsel argued that the judge at first appearance knew about Lee’s prior record, but the court interrupted stating, “we don’t know that. A lot of times at first appearances the State is not able to come up with a full record....” Counsel noted that the only reason why the bond was increased was due to the new charge which had been dropped. Nevertheless, the court denied the bond modification.
The fact that the state dropped the charge does not necessarily mean that *715 the circumstances surrounding the new charge did not warrant the change in bond. However, the state did not argue that notwithstanding its decision to drop the robbery charge, information related to that charge still supported the bond modification. Rather, the state argued that the $50,000 bond was appropriate based on the two original cases and Lee’s prior record. Lee suggests that the prior record was known to the first appearance judge. In support of this argument, Lee points out that the standard bond for the offenses charged is $3,000 per offense (as is reflected in the First Appearance sheet in the record), yet the original bond was set at $25,000 or in the alternative SOR, meaning that the judge must have considered other factors. Regardless, it is the state’s burden to show that there was information that was not presented to the judge at first appearance that would support the modification of the initial bond. See Keane v. Cochran, 614 So.2d 1186, 1187 (Fla. 4th DCA 1993). Here, the state failed to meet this burden as it did not prove that the information about Lee’s pri- or record was not made available at the time the original bond was set. See Santos v. Garrison, 691 So.2d 1172, 1172-73 (Fla. 4th DCA 1997) (finding revocation of bond due to defendant’s illegal alien status was not supported where record did not reflect whether his immigration status was known when the bond was initially set).
The petition is granted.
HAZOURI and MAY, JJ., concur.