906 So.2d 1234 (2005)
Glendon GOELZ, Petitioner,
v.
Rick BRADSHAW, Sheriff of Palm Beach County, Respondent.
No. 4D05-2527.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
*1235 Jack A. Fleischman of Fleischman & Fleischman, P.A., West Palm Beach, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We grant the petition for writ of habeas corpus and quash the order revoking petitioner's bond.
Bond and pretrial release conditions were originally set by the first appearance judge. The first appearance judge reviewed the probable cause affidavit, which quoted significant portions of a letter petitioner sent to the victim in this case. The probable cause affidavit also reflected that a detective had the letter tested and the test results confirmed that stains on the letter were blood.
At a subsequent hearing before a different judge, the State moved for pretrial detention. As grounds to revoke petitioner's bond, the State introduced a complete copy of the defendant's letter to the victim and argued that the complete letter was not presented to the first appearance judge. Without comparing the probable cause affidavit and the letter, the court granted the State's motion and revoked petitioner's bond. The court found the letter was new information, which supported pretrial detention.
The State does not dispute that a revocation of bond requires a change in circumstances or information that was not disclosed to the court when the bond was originally set. Nevadomski v. Jenne, 756 So.2d 117 (Fla. 4th DCA 2000); Santos v. Garrison, 691 So.2d 1172 (Fla. 4th DCA 1997); Keane v. Cochran, 614 So.2d 1186 (Fla. 4th DCA 1993). The State has the burden of proving that there is a change in circumstances or new information that warrants the increase or revocation of bond. Lee v. Bieluch, 855 So.2d 713 (Fla. 4th DCA 2003).
The record does not support the trial court's conclusion that the letter was new information. Significant portions of the letter were quoted in the probable cause affidavit, which was reviewed by the first appearance judge before he set the bond. Accordingly, the order revoking bond is quashed and the case is remanded for the trial court to determine whether there are any portions of the letter that were not before the first appearance judge *1236 that would justify the revocation of petitioner's bond.
STEVENSON, C.J., and GROSS, J., concur.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
Section 907.401(4)(c)6 expressly authorizes the trial court to order pretrial detention of a defendant who is on probation or other release pending completion of a sentence for a dangerous crime. In 2003 defendant pleaded guilty to three counts of lewd or lascivious molestation and one count of aggravated stalking. He was sentenced to a level 8 program and was still under supervision for those convictions. He is now 19 years of age.
Defendant is now newly charged with one count of lewd or lascivious molestation and one count of aggravated stalking on a person under 16. He could now be sentenced as an adult on those prior juvenile dispositions and is facing 30 years in prison. There is not a shred of any indication that the trial judge was unaware of this circumstance and that she did not rely on it as a basis for ordering pretrial detention on the new charges.
On review, we are required to assume any legal theory that would sustain the judge's decision. If I were nevertheless to indulge any doubts as to whether the judge considered the prior juvenile conviction or thought that he was no longer under supervision for it, I would also have to believe that, if these facts had been brought to her attention, her willingness to order pretrial detention would surely have been significantly intensified. I see no reason why the trial judge may not upon remand make clear that she did in fact rely on this "probation" basis for ordering pretrial detention. In short there is no chance that the outcome would be different.
I also hasten to point out that it is one thing to have portions of a threatening letter merely referred to or described in a probable cause affidavit, but it is quite another to have the actual letter before you. Nuances and tones that would not be apparent from mere references could become strikingly vivid upon reading the actual letter. The letter itself could more clearly evidence a real threat to the community that was missing from references to it in the probable cause affidavit. I cannot agree that the record does not support the trial court's conclusion that the letter itself was new evidence.
I therefore dissent.