74 So.3d 130 (2011)
Anthony BUSH, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 1D11-3203.
District Court of Appeal of Florida, First District.
September 27, 2011.
Rehearing Denied November 14, 2011.
*131 Michael Ufferman of the Michael Ufferman Law Firm, P.A., Tallahassee, for Petitioner.
Pamela Jo Bondi, Attorney General, and Jay Kubica, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Respondent.
PADOVANO, J.
Anthony Bush, the defendant in a pending criminal case, petitions this court for a writ of habeas corpus to review an order entered under the pretrial detention statute, section 907.041, Florida Statutes (2011). We conclude that the detention order was unlawful. The court had previously admitted the defendant to bail and the state did not have good cause to seek a modification of the earlier order. Because the defendant's detention is illegal he is entitled to relief by habeas corpus. We grant the petition and quash the detention order.
The defendant was arrested on April 10, 2011, in connection with the robbery of a jewelry store in Tallahassee. He appeared in court the next day before a county court judge for a first appearance hearing on charges of armed robbery, grand theft of property valued in excess of $100,000, and use of a firearm in the commission of a felony. The county judge reviewed the probable cause affidavit and then offered the state and the defense an opportunity to address the matter of bail.
Defense counsel acknowledged the seriousness of the charges but argued that the *132 court should set reasonable conditions of release, given the fact that the defendant was a full-time college student at a local university. He disclosed to the court that the defendant had a juvenile court record but pointed out that he had no prior adult criminal record.
The prosecutor representing the state at the first appearance hearing agreed to an order setting bail in the amounts established by the local bail schedule. According to the schedule, the presumptive amounts would be $25,000.00 for the armed robbery charge, $25,000.00 for the grand theft charge, and $10,000.00 for the firearm charge. During the hearing, the prosecutor represented to the judge that "the state would be satisfied with the bond schedule," along with some form of monitoring community restraint, perhaps an ankle monitor.
The county judge decided to admit the defendant to bail and informed all present that this decision was based in part on the state's recommendation. The following dialogue took place between the court and the defendant on this point:
THE COURT: I think you need to understand something right now, Mr. Bush. This is a life felony. I wasn't going to set a bond. I'll go ahead and follow the State's recommendation. Let me promise you, if you slip up at all, you're going to be held without bond; these charges are so serious.
THE DEFENDANT: Thank you, Your Honor.
With that admonition, the judge set bail for the three offenses in the total amount of $60,000.00, according to the bail schedule.
Later that same day, another prosecutor filed a motion before another judge, this time a circuit judge, for an order holding the defendant without bail under the provisions of the pretrial detention statute. Defense counsel objected to the motion on the ground that there was no lawful reason to modify the bail order entered at the first appearance hearing.
The hearing on the state's motion began with a question by the circuit court judge regarding the effect of the prior bail order. In response to this inquiry, the prosecutor stated that the motion for pretrial detention was not the equivalent of a motion to reconsider or modify bond, as the defense had suggested, but rather that it was a remedy the state was entitled to pursue. As the prosecutor explained, "I'm not asking for a do-over first appearance; I'm moving under a whole different vehicle."
Despite this statement, the prosecutor then offered the following candid explanation for the state's earlier agreement to release the defendant on bail:
My understanding of the first appearance, Your Honor is, quite candidly, is the assigned Assistant State Attorney. . . agreed to a bond. She had recently found out some traumatic news to her professionally, and was not focusing on the ball. I could tell you more specifics about that. But she came to my office later in the day, and realized that she had agreed to a bond that wason a case that she didn't realize was PBL [a first degree felony punishable by life], on a situation that the State would normally be asking for a no-bond.
To clarify this point, the prosecutor explained that he had filed the motion for pretrial detention because he "recognized the fact that [he] did not have grounds" to seek reconsideration of the order entered at the first appearance hearing.
The circuit judge overruled the defense objection and proceeded to the merits of the motion for pretrial detention. A law enforcement officer testified that a latent fingerprint taken from the counter in the *133 jewelry store belonged to an alleged accomplice, Avery Davis, and that when the officers confronted Davis with the fingerprint, he confessed to the crime and implicated the defendant, Bush. A video surveillance tape in another jewelry store in the same shopping mall depicted the defendant and Avery Davis walking together, and the appearance of the two men in the video was consistent with the descriptions given by the victims of the robbery. Finally, the officer testified that a clerk at a jewelry exchange in Pembroke Pines, Florida, had identified the defendant, Bush, from a photo lineup as a person who had twenty diamond rings in his possession and who had, in fact, pawned some of the rings at the exchange.
Based on the evidence presented at the hearing, the circuit judge held that the state had established all of the legal requirements for pretrial detention. He concluded that the state had not waived its right to seek pretrial detention by agreeing to bail at the first appearance hearing. Alternatively, the judge found that the evidence regarding the photo lineup identification by the clerk in Pembroke Pines was significant new evidence that would justify reconsideration of the earlier bail decision. The judge granted the state's motion and ordered that the defendant be held in custody without bail.
We begin our review of the order by noting that habeas corpus is the proper remedy to challenge the legality of a detention or restraint under which a person is being held. See Seccia v. Wainwright, 487 So.2d 1156 (Fla. 1st DCA 1986); Suarez Ortega v. Pujals de Suarez, 465 So.2d 607 (Fla. 3d DCA 1985). The remedy is often employed in criminal cases to seek review of trial court orders pertaining to bail and pretrial release. Among other kinds of orders within this general class, an order detaining a defendant under the pretrial detention statute is reviewable by habeas corpus. See Schwartz v. Neumann, 731 So.2d 746 (Fla. 4th DCA 1999).
To properly address the issues presented by the petition in this case we must consider the provisions of two rules. Rule 3.131(d)(2) of the Florida Rules of Criminal Procedure provides that the state may seek modification of bail or the conditions of release set by an order entered at the first appearance hearing only by showing that there is good cause for the modification. To satisfy the "good cause" requirement in this rule, the prosecution must present evidence of a change in circumstances or information not made known to the first appearance judge. See Sikes v. McMillian, 564 So.2d 1206 (Fla. 1st DCA 1990); Keane v. Cochran, 614 So.2d 1186 (Fla. 4th DCA 1993); Michael E. Allen, Florida Criminal Procedure § 9:7 (2011) (discussing the rule and case law on this point). Evidence that was available to the state at the time of the first appearance hearing does not qualify as new information and therefore does not justify a subsequent denial of bail or a subsequent increase in the amount of bail.
Rule 3.132(a) authorizes the state to file a motion for pretrial detention at or before the first appearance hearing.[1] However, the grounds for detaining an individual might not be known or fully developed at that time. Subdivision (b) of the rule accounts for this possibility by providing that *134 the state may file a motion for pretrial detention "at any time prior to trial."
The defendant contends that the pretrial detention order is invalid under rule 3.131(d)(2), because the circumstances had not changed since the time of the original bail order, and the state did not present any evidence at the pretrial detention hearing that it could not have presented earlier. In response, the state maintains that it may file a motion for pretrial detention at any time, even if the circumstances have not changed since the entry of a prior order admitting the defendant to bail.
The case law in Florida supports the position advocated by the defendant. For example, in Goelz v. Bradshaw, 906 So.2d 1234 (Fla. 4th DCA 2005), the appellate court quashed a pretrial detention order on the ground that there was no new evidence or change of circumstance to justify a modification of the bail order originally entered at the first appearance hearing. The court explained:
[A] revocation of bond requires a change in circumstances or information that was not disclosed to the court when the bond was originally set. Nevadomski v. Jenne, 756 So.2d 117 (Fla. 4th DCA 2000); Santos v. Garrison, 691 So.2d 1172 (Fla. 4th DCA 1997); Keane v. Cochran, 614 So.2d 1186 (Fla. 4th DCA 1993). The State has the burden of proving that there is a change in circumstances or new information that warrants the increase or revocation of bond. Lee v. Bieluch, 855 So.2d 713 (Fla. 4th DCA 2003).
Goelz, 906 So.2d at 1235.
Likewise, in Homerding v. Jenne, 804 So.2d 349 (Fla. 4th DCA 2001), the appellate court granted a petition for writ of habeas corpus and directed the trial court to reinstate an earlier bail order. The court reasoned that the pretrial detention order was invalid because there was no evidence that the circumstances had changed after the initial order setting bail.
The state contends that we should reject these authorities because they fail to give full effect to the statement in rule 3.132(b) that "a motion for pretrial detention may be filed at any time prior to trial." Specifically, the state argues that this rule should not be read in pari materia with other rules, because the statement regarding the time for filing the motion is not ambiguous. We agree that rule 3.132(b) is not ambiguous and that we therefore have no occasion to construe it in light of rule 3.131(d), but the issue presented here is not an issue of interpretation, it is an issue of application.
The fallacy in the state's argument is that it assumes that rules 3.131(d) and 3.132(b) are always mutually exclusive. That is not the case. In a procedural setting like this one in which a pretrial detention motion was filed after bail had been set by agreement of the parties, the court must apply the requirements of both rules. The state cannot rely on favorable language in one rule to work around the requirements of the other. Because the motion for pretrial detention in this case was filed after the court had entered an order setting bail, it must meet the "good cause" requirement of rule 3.131(d) as well as the substantive requirements for pretrial detention as set forth in rule 3.132. To put this another way, a motion for pretrial detention filed after the entry of an order setting bail is also a motion to modify bail.
The statement in rule 3.132(b) that a motion for pretrial detention may be filed at any time before trial merely signifies that the defendant's release status is open for consideration at all times during the course of the pretrial proceedings. Nothing in the language of the rule suggests *135 that a motion for pretrial detention may be used as a vehicle to nullify an earlier bail order or to retract an unwise agreement on the matter of bail. To the contrary, the statement at issue deals only with the time for filing the motion. If the state elects to file a motion for pretrial detention after bail has been set by order of the court, the motion must also meet the requirements for modifying the existing order.
The state argues that the petition for writ of habeas corpus should be denied in any event because the circuit judge had good cause to modify the conditions set earlier by the county judge. This position is at odds with the representations the state made in the trial court. The prosecutor conceded from the start of the hearing that there was no new information that would justify a modification of the earlier order setting bail. Instead, he relied entirely on his view that good cause was not necessary.
Moreover, a comparison of the probable cause affidavit reviewed by the county court judge and the testimony presented to the circuit court judge reveals that the evidence before the two courts was substantially the same. The evidence presented to the circuit court judge pertained exclusively to the strength of the state's case.[2] Although this evidence was more detailed than the recitation in the probable cause affidavit, it was not new. The only part of the evidence that was even arguably new was the officer's testimony that a witness at the jewelry exchange in Pembroke Pines was able to identify the defendant as a person who was attempting to pawn some diamond rings. But this adds very little to the evidence before the county judge. During the search of the defendant's residence, law enforcement officers found a receipt showing that the defendant had pawned jewelry at the same jewelry exchange in Pembroke Pines. This information was contained in the probable cause affidavit.
In summary, we conclude that there was no legal justification to modify the original order setting bail and that the subsequent order detaining the defendant without bail under the pretrial detention statute is therefore invalid. For these reasons, we grant the petition for writ of habeas corpus and quash the pretrial detention order. The effect of our decision will be to reinstate the original order admitting the defendant to bail.
Petition granted.
DAVIS, J., concurs.
RAY, J., dissents.
RAY, J., dissenting.
I would deny the petition for two reasons. First, the "good cause" requirement of Rule 3.131(d)(2), relating to modification of bail, is not applicable to motions filed under Rule 3.132, relating to pretrial detention. Second, even if the "good cause" limitation did apply, the State presented information from which the trial court could determine that this requirement had been met.
The State's motion for pretrial detention was authorized under Rule 3.132(b), titled "Motions filed after First Appearance." The rule explicitly states that "[a] motion for pretrial detention may be filed at any time prior to trial" and that a hearing on *136 the motion is required "[o]n receipt of a facially sufficient motion and a determination of probable cause . . . that an offense eligible for pretrial detention has been committed." Fla. R. Crim. P. 3.132(b)-(c) (emphasis added). The State is not required to establish "good cause," i.e., the existence of circumstances or information not known to the first appearance judge, in order to trigger the trial court's mandatory review of its motion. See Fla. R. Crim. P. 3.132(c). Rather, the State's burden is to show "beyond a reasonable doubt the need for pretrial detention pursuant to the criteria in section 907.041, Florida Statutes." Fla. R. Crim. P. 3.132(c)(1).
The comprehensive statutory scheme of section 907.041, Florida Statutes (2010), circumscribes the trial court's authority to order pretrial detention. In relevant part, it provides that a court may order pretrial detention if it finds a substantial probability that "[t]he defendant poses the threat of harm to the community." § 907.041(4)(c)5. As the statute explains, the court may reach this conclusion if it makes the following findings:
that the defendant is presently charged with a dangerous crime, that there is a substantial probability that the defendant committed such crime, that the factual circumstances of the crime indicate a disregard for the safety of the community, and that there are no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons.
Id. Notably, there is no restriction on or qualification of the court's ability to make these findings based on the fact that the defendant has previously been released on bail. See id. Thus, requiring the State to establish "good cause" to seek pretrial detention after bail has been set would inject into the statute and rule language not expressed by the Legislature or the Florida Supreme Court, contrary to well-established rules of statutory construction. See L.G. v. State, 939 So.2d 1141, 1142-43 (Fla. 1st DCA 2006) (noting that where the Legislature has used a term in one part of the statute but omitted it from another part, the court "will not imply it where it has been excluded") (quoting Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995)).
Nevertheless, Petitioner urges this Court to impose the "good cause" requirement of Rule 3.131 on the State's Rule 3.132 motion by reading the two rules in pari materia. The primary vehicle for determining legislative intent is "the plain text of the relevant statute," or in this case, rule. See E.A.R. v. State, 4 So.3d 614, 629 (Fla.2009) (emphasis added). If that text is unambiguous, the court's inquiry should end. Id. Although there is an exception to this rule in cases where other provisions in pari materia with the relevant provision reveal an inconsistency, id., the two rules at issue in the instant case are not inconsistent with each other because they operate under different circumstances. See Castro v. State, 914 So.2d 467, 469-70 (Fla. 5th DCA 2005) (declining to "stir the two rules together" and impose a restriction on the trial court's determination of the amount of bond simply because that restriction appears in the rule governing pretrial detention). For this reason, I agree that we should reject Petitioner's invitation to construe the two rules in pari materia.
For the same reason, I would decline to interpret Rule 3.131(d)(2) as applicable to a Rule 3.132 motion, even after the defendant has been granted pretrial release. It is true that a pretrial detention order necessarily revokes any previously ordered conditions of release. However, revocation of bail is qualitatively different from modification of bail. Cf. Hannah v. State, 814 *137 So.2d 1129, 1130-31 (Fla. 5th DCA 2002) (treating revocation of probation as a distinct inquiry from modification of conditions of probation). As defined by Rule 3.131(b)(1), bail means "any of the forms of release" listed in subdivision (b)(1) of that rule. Thus, when the court modifies bail under Rule 3.131(d), it is changing the form of release, not revoking release. This qualitative difference explains why the Florida Supreme Court adopted two distinct rules, each with its own standards, procedures, and safeguards, to address the two separate matters of pretrial release and pretrial detention. Because the State sought pretrial detention rather than modification of the conditions of release, we have no occasion to apply the requirements of Rule 3.131; doing so is the functional equivalent of construing the two rules in pari materia.
Even if the "good cause" limitation of Rule 3.131 is read into Rule 3.132, I would affirm the trial court's determination that such cause existed in the instant case. At the pretrial detention hearing, the State provided the court with evidence that was not presented to the first appearance judge.[1]See Keane v. Cochran, 614 So.2d 1186, 1187-88 (Fla. 4th DCA 1993) ("In order to have good cause to modify a bond, the state must present evidence of a change in circumstances or information not made known to the first appearance judge."). Although much of this evidence was available to the State at first appearance and referenced in the probable cause affidavit, the jewelry exchange witness' positive identification of Petitioner did not become available to the State until after that time. The court expressly found this evidence to be "significant new information" which strengthened the case against Petitioner and provided further support for the court's finding that Petitioner poses a threat of harm to the community. While the degree to which this new evidence changed the circumstances is debatable, I would not second-guess the trial court's determination of its weight. See Hernandez v. State, 56 So.3d 752, 758 (Fla. 2010) ("When reviewing the sufficiency of evidence presented to a trier of fact, our task is not to . . . reweigh the evidence.").
For the foregoing reasons, I respectfully dissent.
NOTES
[1] Section 907.041, Florida Statutes sets the substantive requirements for pretrial detention in noncapital cases. However, the Legislature has expressly deferred to the courts as to the procedural requirements for pretrial detention. See § 907.041(2), Fla. Stat. (2011) (stating that the "[p]rocedures for pretrial release determinations shall be governed by rules adopted by the Supreme Court").
[2] Although it is proper to consider the strength or weakness of the evidence against the defendant in setting bail, that is only one of many factors that have a bearing on the decision. Section 903.046, Florida Statutes (2011) contains a comprehensive list of the factors a judge should consider when admitting a defendant to bail or setting the amount of bail. See also Fla. R. Crim. P. 3.131(b)(3).
[1] Even though the first appearance judge's comments suggest that he would have been inclined to order pretrial detention, he was precluded from doing so because the State had not filed a motion for this protective measure at that time. See Fla. R. Crim. P. 3.132(a). After filing the motion for pretrial detention, the State provided the court with much greater evidentiary detail about the risk the defendant poses to the community. Cf. Goelz v. Bradshaw, 906 So.2d 1234, 1236 (Fla. 4th DCA 2005) (Farmer, J., dissenting) (recognizing the significance of the fact that the judge who revoked pretrial release had the opportunity to consider a threatening letter in its entirety, while the first appearance judge had been presented with excerpts only).