RAY, J.,
dissenting.
I would deny the petition for two reasons. First, the “good cause” requirement of Rule 3.131(d)(2), relating to modification of bail, is not applicable to motions filed under Rule 3.132, relating to pretrial detention. Second, even if the “good cause” limitation did apply, the State presented information from which the trial court could determine that this requirement had been met.
The State’s motion for pretrial detention was authorized under Rule 3.132(b), titled “Motions filed after First Appearance.” The rule explicitly states that “[a] motion for pretrial detention may be filed at any time prior to trial” and that a hearing on *136 the motion is required “[o]n receipt of a facially sufficient motion and a determination of probable cause ... that an offense eligible for pretrial detention has been committed.” Fla. R. Crim. P. 3.182(b)-(c) (emphasis added). The State is not required to establish “good cause,” i.e., the existence of circumstances or information not known to the first appearance judge, in order to trigger the trial court’s mandatory review of its motion. See Fla. R. Crim. P. 3.132(c). Rather, the State’s burden is to show “beyond a reasonable doubt the need for pretrial detention pursuant to the criteria in section 907.041, Florida Statutes.” Fla. R. Crim. P. 3.132(c)(1).
The comprehensive statutory scheme of section 907.041, Florida Statutes (2010), circumscribes the trial court’s authority to order pretrial detention. In relevant part, it provides that a court may order pretrial detention if it finds a substantial probability that “[t]he defendant poses the threat of harm to the community.” § 907.041(4)(c)5. As the statute explains, the court may reach this conclusion if it makes the following findings:
that the defendant is presently charged with a dangerous crime, that there is a substantial probability that the defendant committed such crime, that the factual circumstances of the crime indicate a disregard for the safety of the community, and that there are no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons.
Id. Notably, there is no restriction on or qualification of the court’s ability to make these findings based on the fact that the defendant has previously been released on bail. See id. Thus, requiring the State to establish “good cause” to seek pretrial detention after bail has been set would inject into the statute and rule language not expressed by the Legislature or the Florida Supreme Court, contrary to well-established rules of statutory construction. See L.G. v. State, 939 So.2d 1141, 1142-43 (Fla. 1st DCA 2006) (noting that where the Legislature has used a term in one part of the statute but omitted it from another part, the court “will not imply it where it has been excluded”) (quoting Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995)).
Nevertheless, Petitioner urges this Court to impose the “good cause” requirement of Rule 3.131 on the State’s Rule 3.132 motion by reading the two rules in pari materia. The primary vehicle for determining legislative intent is “the plain text of the relevant statute,” or in this case, rule. See E.A.R. v. State, 4 So.3d 614, 629 (Fla.2009) (emphasis added). If that text is unambiguous, the court’s inquiry should end. Id. Although there is an exception to this rule in cases where other provisions in pari materia with the relevant provision reveal an inconsistency, id., the two rules at issue in the instant case are not inconsistent with each other because they operate under different circumstances. See Castro v. State, 914 So.2d 467, 469-70 (Fla. 5th DCA 2005) (declining to “stir the two rules together” and impose a restriction on the trial court’s determination of the amount of bond simply because that restriction appears in the rule governing pretrial detention). For this reason, I agree that we should reject Petitioner’s invitation to construe the two rules in pari materia.
For the same reason, I would decline to interpret Rule 3.131(d)(2) as applicable to a Rule 3.132 motion, even after the defendant has been granted pretrial release. It is true that a pretrial detention order necessarily revokes any previously ordered conditions of release. However, revocation of bail is qualitatively different from modification of bail. Cf. Hannah v. State, 814 *137 So.2d 1129, 1130-31 (Fla. 5th DCA 2002) (treating revocation of probation as a distinct inquiry from modification of conditions of probation). As defined by Rule 3.131(b)(1), bail means “any of the forms of release” listed in subdivision (b)(1) of that rule. Thus, when the court modifies bail under Rule 3.131(d), it is changing the form of release, not revoking release. This qualitative difference explains why the Florida Supreme Court adopted two distinct rules, each with its own standards, procedures, and safeguards, to address the two separate matters of pretrial release and pretrial detention. Because the State sought pretrial detention rather than modification of the conditions of release, we have no occasion to apply the requirements of Rule 3.131; doing so is the functional equivalent of construing the two rules in pari materia.
Even if the “good cause” limitation of Rule 3.131 is read into Rule 3.132,1 would affirm the trial court’s determination that such cause existed in the instant case. At the pretrial detention hearing, the State provided the court with evidence that was not presented to the first appearance judge.[1] See Keane v. Cochran, 614 So.2d 1186, 1187-88 (Fla. 4th DCA 1993) (“In order to have good cause to modify a bond, the state must present evidence of a change in circumstances or information not made known to the first appearance judge.”). Although much of this evidence was available to the State at first appearance and referenced in the probable cause affidavit, the jewelry exchange witness’ positive identification of Petitioner did not become available to the State until after that time. The court expressly found this evidence to be “significant new information” which strengthened the ease against Petitioner and provided further support for the court’s finding that Petitioner poses a threat of harm to the community. While the degree to which this new evidence changed the circumstances is debatable, I would not second-guess the trial court’s determination of its weight. See Hernandez v. State, 56 So.3d 752, 758 (Fla.2010) (“When reviewing the sufficiency of evidence presented to a trier of fact, our task is not to ... reweigh the evidence.”).
For the foregoing reasons, I respectfully dissent.

. Even though the first appearance judge’s comments suggest that he would have been inclined to order pretrial detention, he was precluded from doing so because the State had not filed a motion for this protective measure at that time. See Fla. R. Crim. P. 3.132(a). After filing the motion for pretrial detention, the State provided the court with much greater evidentiary detail about the risk the defendant poses to the community. Cf. Goelz v. Bradshaw, 906 So.2d 1234, 1236 (Fla. 4th DCA 2005) (Farmer, J., dissenting) (recognizing the significance of the fact that the judge who revoked pretrial release had the opportunity to consider a threatening letter in its entirety, while the first appearance judge had been presented with excerpts only).