PER CURIAM.
Petitioner, Johnny Soto, seeks a writ of habeas corpus because his pretrial release was revoked, even though there was no change in circumstances or additional evidence added to the record subsequent to his pretrial release. We grant the petition for the writ and quash the order of the trial court.
Soto was arrested and charged with various felonies that included life felonies. The initial charge was filed in juvenile court, but later transferred to felony court. Soto was granted pretrial release after arraignment, and appeared at subsequent soundings in the trial court. At the fifth sounding, the prosecutor moved to have the trial court hold Soto with no bond, based on the life felony charges. The trial court agreed. Soto subsequently filed the instant petition.
It is undisputed the offenses charged here are life felonies for which the trial court may refuse to provide pretrial release. However, in this case, the trial court granted pretrial release. While the trial court has discretion to refuse bail upon the necessary showing by the State, see State v. Arthur, 390 So.2d 717, 720 (Fla.1980), once it grants bail, it cannot revoke the decision if circumstances have not changed or additional evidence emerged since the bond was originally set. See Creech v. Ryan, 972 So.2d 1021, 1022 *264 (Fla. 3d DCA 2008); see also Burton v. Felton, 625 So.2d 1334, 1335 (Fla. 3d DCA 1993).
In this case, the State did not meet its burden, as the record does not contain proof that change in circumstances or additional evidence existed at the time of the trial court’s revocation. Accordingly, the petition must be granted.
Petition granted.