SUAREZ, J.
Jessica Saravia petitions this Court for a writ of habeas corpus to review the trial court’s October 25, 2013, ruling revoking the Petitioner’s bonds and ordering pretrial detention. We grant the petition and quash the bond revocation and pre-trial detention order.
The Petitioner was charged with DUI manslaughter, driving with a suspended license involving death, and DUI with property damage stemming from an incident occurring in March 2013. Saravia self-surrendered on August 28, 2013, and went before Judge Verde for first appearance the next day. After reviewing the factual circumstances surrounding Sara-via’s case and hearing from both the State and defense counsel, Judge Verde determined: 1) there was sufficient probable cause to sustain the charges, 2) Saravia was not a flight risk, and 3) Saravia posed a danger to the community because this, her second DUI,[1] resulted in a fatality. The record of the first appearance indicates the trial court’s expressed concern was with the last consideration: what pretrial conditions could be imposed to protect the community from any danger Saravia’s actions might pose? The record of the August 29, 2013, first appearance hearing indicates Judge Verde was fully informed of Saravia’s first DUI conditions, as well as that the State had Saravia’s toxicology report for about a month prior to the first appearance hearing. The trial court carefully considered both the State’s and defense counsel’s proposed pre-trial conditions, the facts of Saravia’s behavior since the offense, and the standard legal bond amounts for each of the charges.[2] Judge *1165 Verde ordered Saravia be given bonds in the standard amounts of $15,000 (DUI manslaughter), $5,000 (DWLS with death), and $1,000 (DUI with property damage), which she concluded were sufficient to ensure Saravia’s appearance in court. To ensure the safety of the community while on pre-trial release, the trial court ordered Saravia to house arrest, with specific instructions not to drive, and that she be fitted with GPS and SCRAM monitoring bracelet. The State later filed a motion to revoke the bonds and for pretrial detention. At the subsequent, October 25, 2013, hearing before a different judge, the trial court addressed the State’s motion and orally ordered the first appearance bonds be revoked.
Rule 3.131(d)(2) of the Florida Rules of Criminal Procedure provides that the state may seek modification of bail or the conditions of release set by an order entered at the first appearance hearing only by showing that there is good cause for the modification. To satisfy the “good cause” requirement in this rule, the State must present evidence of a change in circumstances or new information not made known to the first appearance judge that warrants the increase or revocation of bond. Soto v. State, 89 So.3d 263 (Fla. 3d DCA 2012); Bush v. State, 74 So.3d 130 (Fla. 1st DCA 2011); Goelz v. Bradshaw, 906 So.2d 1234 (Fla. 4th DCA 2005). We have carefully reviewed the record before us, and conclude the State failed to present evidence of any change in Saravia’s compliance or circumstances since the August 29, 2013, first appearance hearing, or of any information not known or made known to Judge Verde at first appearance that would warrant revoking bond and imposing pretrial detention. The State presented no new evidence or argument at the October 25, 2013 hearing, but in essence re-asserted its first appearance issues. Evidence that was available to the State at the time of first appearance does not qualify as “new” information and therefore does not justify the subsequent revocation of bond and imposition of pretrial detention. Soto, 89 So.3d at 263, 264; Bush, 74 So.3d at 133, 134. See also, Creech v. Ryan, 972 So.2d 1021, 1022 (Fla. 3d DCA 2008); Burton v. Felton, 625 So.2d 1334, 1335 (Fla. 3d DCA 1993).
We therefore grant the petition for writ of habeas corpus, quash the October 25, 2012 orders revoking Saravia’s bonds and imposing pretrial detention, and order reinstatement of the original, August 29, 2013, bonds and conditions of pretrial release, including the potential penalties associated with violating pretrial release conditions.
This opinion shall take effect immediately notwithstanding the filing of any motion for rehearing.
Petition granted.

. The first appearance judge was aware that Saravia had been previously charged with a misdemeanor DUI and was sent to a pre-trial diversionary program, still in effect at the time Saravia picked up the current DUI offenses.

. At the first appearance, and possessing all of this information, the State requested a *1165 $50,000 bond.and a monitoring bracelet.