PER CURIAM.
Contending that the circuit court has unlawfully increased his bond, Brooks petitioned this court for habeas corpus relief. We previously denied his petition by unpublished order, and now -write to explain our reasons for doing so.
Brooks was arrested pursuant to warrant on a charge of lewd and lascivious conduct, a second-degree felony, and at first appearance his bond was set at $50,003. Thereafter, the state agreed to an order granting petitioner’s release on his own recognizance after he had been in custody more than 40 days without formal charges being filed. The state then filed its information charging petitioner with lewd or lascivious conduct on a victim less than 16 years of age. Petitioner remained on release status for some six months, until the state amended its-information to add a count of lewd or lascivious molestation of a child less than 12 years of age, a life felony, and filed a motion to increase bond. Petitioner opposed the motion, arguing that it alleged no new facts or changed circumstances concerning the criminal episode that were not available to *220 the first appearance court. Following a hearing, the trial court granted the state’s motion, setting bond in the amount of $100,003 with no victim contact on the new charge, but preserving petitioner’s release on his own recognizance on the original charge.
In seeking habeas corpus relief, petitioner relies on case law holding that in light of the good cause requirement of Florida Rule of Criminal Procedure 3.131(d), an increase in bond is improper if the state fails to show any change in circumstances or information not made known to the first appearance judge. See, e.g., Bush v. State, 74 So.3d 130 (Fla. 1st DCA 2011); Sikes v. McMillian, 564 So.2d 1206 (Fla. 1st DCA 1990), Kelsey v. McMillan, 560 So.2d 1343 (Fla. 1st DCA 1990). Petitioner characterizes these authorities as standing for the proposition that in the absence of new facts concerning the criminal episode that were not known to the first appearance judge, the filing of additional charges after first appearance does not justify an increase in bond. Those cases, however, did not specifically address the issue whether the filing of more serious charges can constitute a change in circumstances which would justify altering the conditions of a release.
We conclude that the trial court’s decision was not an abuse of its broad discretion in matters relating to bond, given the substantial increase in the possible penalty petitioner faces as a consequence of now being charged with a life felony. Although it did not involve the addition of a new charge after first appearance, we find the reasoning of Calixtro v. McCray, 858 So.2d 1079 (Fla. 3d DCA), rev. denied, 865 So.2d 479 (Fla.2003), to be persuasive. In Calix-tro, the defendant was charged with sexual battery and his bond was initially set at first appearance at $7,500. At that time, the first appearance judge was informed that the defendant faced a guidelines sentencing range of 10.2 to 15 years in state prison, but at arraignment, the state filed written notices of its intent to pursue enhanced sentencing penalties, such that the defendant now could be sentenced up to 40 years with a 30-year minimum mandatory. The state therefore sought and was granted an increase in bond, and on the defendant’s ensuing petition for writ of habeas corpus, the district court denied relief, finding that the significant increase in the possible penalty the defendant faced constituted a change of circumstances warranting a modification of bond.
In reaching its decision, the court noted that pursuant to Florida Rule of Criminal Procedure 3.131(d)(3), a trial court may consider, among other things, “the nature and circumstances of the offense charged and the penalty provided by law.” Id. at 1079 (emphasis in original). It concluded that while the nature and circumstances of the offense had not changed between first appearance and the hearing on the motion to increase bond, the penalty provided by law had, and constituted sufficient evidence of a change in circumstances to warrant a modification of bond. We reach the same conclusion in this case. The potential penalty Brooks faces under the crimes charged in the amended information is markedly more severe than that he faced at the time of his first appearance.[1] A primary purpose of bond is to ensure the appearance of the defendant at subsequent proceedings, and the possibility of a more *221 severe penalty results in an enhanced possibility of flight. We therefore conclude that the trial court’s action complained of by petitioner did not amount to an abuse of discretion.
WOLF, ROBERTS, and ROWE, JJ„ concur.

. A prosecutor is ethically obligated to refrain from prosecuting a charge that he or she knows is not supported by probable cause. See R. Regulating Fla. Bar 4-3.8(a). We assume the decisions of the prosecutor in this case comport with this principle. The filing of enhanced or additional charges after first appearance as a means of manipulating a modification of bond would be a grievous violation of this ethical obligation.