DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TIMOTHY LEE SIMS, Jr.,

Petitioner,

v.

RICKY WELLS, SHERIFF OF MANATEE COUNTY,

Respondent.

No. 2D21-1675

_____

September 29, 2021

Petition for Writ of Habeas Corpus to the Circuit Court for Manatee
County; Lon S. Arend, Judge.

Larry L. Eger, Public Defender, and Aaron Getty, Assistant Public
Defender, Sarasota, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and James
Hellickson, Assistant Attorney General, Tampa, for Respondent.


PER CURIAM.

    Timothy Lee Sims, Jr., filed a petition for writ of habeas

corpus challenging the order of pretrial detention entered in case

number 2020-CF-3447. We previously granted the petition by an order advising that this opinion would follow.

Sims, a juvenile, was arrested on four separate cases. In three of those cases, the State direct filed charges in criminal court and bond was set; the fourth case was initially filed in juvenile court. The State subsequently transferred the juvenile allegations to criminal court, and bond was set in that case. Thereafter, the State filed a motion for pretrial detention against Sims in all four cases. After a hearing, the trial court granted that motion in only one of the four cases. The court found that the State's transfer of Sims' juvenile case to criminal court increased Sims' overall potential sentence and was a sufficient change in circumstances to provide good cause to revoke bond and impose pretrial detention. In coming to this conclusion, the trial court relied on *Calixtro v. McCray*, 858 So. 2d 1079, 1080 (Fla. 3d DCA 2003), in which the Third District denied habeas relief because the State filed a written notice of intent to pursue enhanced penalties after bond was set at first appearance. The court held that the significant increase in the possible penalty Calixtro faced constituted a change in circumstances that justified a modification of his bond. *Id.*

In Sims' petition before this court, he argues that the trial court erred in imposing pretrial detention under the circumstances of this case because there was no substantial change in circumstances after his first appearance in criminal court. He maintains that pursuant to section 985.557(2), Florida Statutes (2020), once the State direct filed three of his cases in criminal court, it was required to file the juvenile allegations in his fourth case as felony charges in criminal court. As such, he argues, "juvenile court was not an option for Petitioner" and "his sentencing exposure never changed." We agree.

When the State files a motion for pretrial detention after the trial court has set bond, the motion must meet the requirements for modifying the existing bond order. *Bush v. State*, 74 So. 3d 130, 134-35 (Fla. 1st DCA 2011). Specifically, the motion "must meet the 'good cause' requirement of [Florida] [R]ule [of Criminal Procedure] 3.131(d) as well as the substantive requirements for pretrial detention as set forth in rule 3.132."[1] *Id.* at 134. To satisfy the good cause requirement of rule 3.131(d), the State

_____

[1] Rule 3.131(d)(2) provides that "[t]he state may apply for modification of bail by showing good cause." Rule 3.132(b) allows

> must present evidence of a change in circumstances or information not made known to the first appearance judge. Evidence that was available to the state at the time of the first appearance hearing does not qualify as new information and therefore does not justify a subsequent denial of bail or a subsequent increase in the amount of bail.

*Id.* at 133 (citations omitted).

In this case, the State did not satisfy this good cause requirement. At first appearance, the trial court and the State listed the multitude of charges that Sims was facing, including the juvenile allegations that would later be filed in criminal court. The State asked that the bonds set in the direct filed criminal court cases remain the same, and it urged that Sims be placed on electronic monitoring since he had eluded law enforcement for weeks. There was discussion about the upcoming date and time of the detention hearing in Sims' juvenile case. The only change after first appearance was the State's transfer of the juvenile allegations into criminal court. But that change was statutorily required once the State direct filed the charges in the three other criminal court cases. *See* § 985.557(2)(b) ("When a child is transferred for criminal

---

that "[a] motion for pretrial detention may be filed at any time prior to trial."

4

prosecution as an adult, the court shall immediately transfer and certify to the adult circuit court all felony cases pertaining to the child, for prosecution of the child as an adult, which have not yet resulted in a plea of guilty or nolo contendere or in which a finding of guilt has not been made.").  And at the time of first appearance, such requirement—and the concomitant potential sentencing exposure—should have been known to the State and the trial court.

Accordingly, the transfer into adult criminal court of the juvenile allegations against Sims did not constitute a change in circumstances that would provide good cause to revoke bond and warrant a pretrial detention order.  *See Saravia v. Miami-Dade County*, 129 So. 3d 1163, 1165 (Fla. 3d DCA 2014) ("To satisfy the 'good cause' requirement in [rule 3.131(d)(2)], the State must present evidence of a change in circumstances or new information not made known to the first appearance judge that warrants the increase or revocation of bond.").[2]  As such, we granted Sims'

---

[2] We note that the trial court's reliance on *Calixtro*, 858 So. 2d 1079, was misplaced as that case is distinguishable from the instant case.  In *Calixtro*, the change in circumstances that created good cause to increase bond from $7,500 to $50,000 was the State's decision to pursue enhanced sentencing penalties that it was not pursuing at the time of first appearance.  Here, the alleged

petition for writ of habeas corpus and quashed the order of pretrial detention.  Nevertheless, we certify the following question to the Florida Supreme Court as one of great public importance:

> WHEN THE STATE DIRECT FILES CHARGES AGAINST A JUVENILE UNDER SECTION 985.557(1), FLORIDA STATUTES (2020), AND BOND IS SET ON THE CHARGES, DOES THE STATE'S SUBSEQUENT TRANSFER UNDER SECTION 985.557(2) OF ADDITIONAL ALLEGATIONS AGAINST THE JUVENILE FILED IN A SEPARATE JUVENILE CASE, POTENTIALLY EXPOSING THE JUVENILE TO ADULT SANCTIONS IN THAT CASE, MEET THE REQUIREMENT UNDER *BUSH V. STATE*, 74 SO. 3D 130 (FLA. 1ST DCA 2011), OF A CHANGE IN CIRCUMSTANCES SUFFICIENT TO ESTABLISH GOOD CAUSE FOR MODIFICATION OF BOND OR THE CONDITIONS OF RELEASE?

SLEET, SMITH, and STARGEL, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.

---

change in circumstances was known to the State and the trial court at the time of first appearance.