# Third District Court of Appeal
## State of Florida

Opinion filed February 1, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-155
Lower Tribunal No. F23-24679
_____

**Yuri Salgadomartinez,**
Petitioner,

vs.

**James Reyes, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Linda S. Katz, Assistant Attorney General, for respondent, State of Florida.

Before FERNANDEZ, SCALES and GORDO, JJ.

GORDO, J.

Yuri Salgadomartinez petitions this Court for a writ of habeas corpus following the trial court's denial of his motion to reconsider bond.

In December 2023, Salgadomartinez was arrested for one count of child abuse with no great bodily harm and one count of simple battery. At his first appearance hearing, the reviewing judge found probable cause for both charges and set a monetary bond of $6,500 with electronic monitoring and house arrest as conditions of his release. After Salgadomartinez sought a bond modification, the trial court deleted the monetary bond requirement on both charges. For unknown reasons, he was not released on house arrest.

The State subsequently charged Salgadomartinez by information with: Count (1) burglary with an assault or battery, Count (2) domestic battery by strangulation, and Count (3) child abuse with no great bodily harm. At arraignment, the trial court ordered him held without bond on the charge of burglary with an assault or battery, a non-bondable offense, and imposed a $7,500 bond on each of the charges of domestic battery by strangulation and child abuse with no great bodily harm. Thereafter, Salgadomartinez filed a motion for reconsideration arguing the State failed to present sworn testimony sufficient to establish probable cause as to the first two counts and, it was improper for the trial court to reimpose monetary conditions on

the third count. The trial court held a hearing in which the State conceded there was insufficient facts in the arrest form to establish probable cause for the first two counts. The trial court denied the motion reasoning that a non-monetary bond was no longer appropriate based on the filing of more serious charges and the new potential penalties the defendant faced. Salgadomartinez filed the instant petition for writ of habeas corpus.

"To implement the Fourth Amendment's protection against unfounded invasions of liberty and privacy, the [United States Supreme Court] has required that the existence of probable cause be decided by a neutral and detached magistrate whenever possible." Gerstein v. Pugh, 420 U.S. 103, 112 (1975). It is well-established that the prosecutor's assessment of probable cause, standing alone, does not meet the requirements of the Fourth Amendment and is insufficient to justify restraint of liberty pending trial. Id. at 117-19. Further, this Court has previously held that "the filing of an information cannot itself provide probable cause." Blount v. Spears, 758 So. 2d 1287, 1287 (Fla. 3d DCA 2000).

In this case, on the basis only of the information filed by the State and without any further sworn testimony, the trial court ordered Salgadomartinez held without bond on the first count, set a new monetary bond on count two and reimposed an elevated monetary bond as to count three. While the

3

State had a right to file an information with new charges based on additional facts not available at first appearance, the State did not move to modify bond and did not file an affidavit establishing probable cause as to the new crimes. See Fla. R. Crim. P. 3.131(d)(2) ("The state may apply for modification of bail by showing good cause and with at least 3 hours' notice to the attorney for the defendant.").

The trial court correctly articulated that where there is a substantial increase in the possible penalties a defendant faces based on new charges, it may properly consider altering the conditions of release based on its broad discretion in matters relating to bond. Such facts may justify a finding of a change in circumstances pursuant to Florida Rule of Criminal Procedure 3.131. See Brooks v. State, 145 So. 3d 219, 220-21 (Fla. 1st DCA 2014) (finding the trial court's decision to increase bond was not an abuse of discretion where "[t]he potential penalty Brooks faces under the crimes charged in the amended information is markedly more severe than that he faced at the time of his first appearance"); Calixtro v. McCray, 858 So. 2d 1079, 1080 (Fla. 3d DCA 2003) ("The enhanced penalties to which Calixtro was formally subject at arraignment were not those known to the judge at first appearance. We find that this constitutes sufficient evidence of a change of circumstances to warrant upward modification of bond and pretrial release

4

terms."). This, however, does not vitiate a defendant's constitutional right to have a neutral magistrate make an initial probable cause determination as to the charges against him.

Accordingly, we grant the petition for writ of habeas corpus and remand the cause to the trial court. The State shall have no more than 2 days following the issuance of this opinion to file a legally sufficient motion for pretrial detention. Should the State fail to file such a motion, the trial court shall immediately conduct a hearing pursuant to Florida Rule of Criminal Procedure 3.131 to determine appropriate conditions of release.

This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.