WALLIS, J.
Petitioner seeks a writ of habeas corpus challenging the trial court’s order, which revoked his pretrial bond and denied his motion for rehearing. Petitioner further seeks the reinstatement of his bond. We partially grant the petition and remand for the trial court to determine and make written findings as to whether Petitioner willfully violated ■ a condition of his pretrial release and whether there are any reasonable conditions of release which would assure Petitioner’s presence at trial.
On April 5, 2014, Petitioner was arrested and charged with aggravated battery. Petitioner bonded out prior to first appearance. While on pretrial release, Petitioner contacted the alleged victim on two occasions. The State filed a motion to revoke Petitioner’s bond pursuant to Florida Rule *57 of Criminal Procedure 3.131(f),[1] citing the contact between Petitioner and the victim. Due to confusion with the electronic filing system, Petitioner’s attorney was not provided a copy of the motion to revoke bond. On July 14, 2014, prior to Petitioner’s counsel receiving a copy of the motion to revoke bond, the trial court issued an order granting the State’s motion without a hearing.
On July 17, 2014, Petitioner filed an emergency motion for hearing and reinstatement of bond, arguing the court never imposed a no-vietim-contact provision as a bond condition and, therefore, the alleged contact with the victim could not have violated his bond. The trial court heard legal arguments but received no evidence during the hearing on the emergency motion. The trial court denied the emergency motion, and Petitioner was arrested on August 20, 2014. Petitioner remains incarcerated.
Florida Rule of Criminal Procedure 3.131(g) provides for a trial court to order the arrest and commitment of a defendant who is released on bail where:
(1) there has been a breach of the undertaking;
(2) it appears that the defendant’s sureties or any of them are dead or cannot be found or are insufficient or have ceased to be residents of the state; or
(3) the court is satisfied that the bail should be increased or new or additional security required.
Fla. R. Crim. P. 3.131(g).
The State has the burden of proving that there is a change in circumstances or that new information warrants the increase or revocation of bond. Lee v. Bieluch, 855 So.2d 713 (Fla. 4th DCA 2003). Florida Rule of Criminal Procedure 3.132(c)(2) states, in relevant part, that “[t]he court’s pretrial detention order shall be based solely on evidence produced at the hearing and shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record.” Likewise, section 907.041(4)(i), Florida Statutes (2014), provides that:
The pretrial detention order of the court shall be based solely upon evidence produced at the hearing and shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record. The court shall render its findings within 24 hours of the pretrial detention hearing.
§ 907.041(4)(i), Fla. Stat.
In the present case, neither the trial court’s order granting the State’s motion to revoke bond nor the court’s order denying Petitioner’s emergency motion contained findings of fact to support the bond revocation. The audio recording of the evidentiary hearing also reveals that the court did not make any oral findings as to whether Petitioner violated his pretrial release. Therefore, we grant the petition in part and remand to the trial court to make written findings as to both whether the Petitioner willfully violated a condition of his pretrial release and whether there are any reasonable conditions of release that would assure Petitioner’s presence at trial. See Smith v. State, 933 So.2d 689 (Fla. 5th DCA 2006).
*58 PETITION GRANTED in part; REMANDED with instructions.
BERGER and LAMBERT, JJ., concur,

. Florida Rule of Criminal Procedure 3.131(f) provides: "Revocation of Bail. The court in its discretion for good cause, any time after a defendant who is at large on bail appears for trial, may commit the defendant to the custody of the proper official to abide by the judgment, sentence, and any further order of the court.”