# Third District Court of Appeal

**State of Florida**

Opinion filed February 9, 2016.

_____

No. 3D16-292
Lower Tribunal No. 16-37
_____

**Dan Simmons,**
Petitioner,

vs.

**Marydell Guevara, etc., et al.,**
Repondents.


A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for respondents.

Before WELLS, LAGOA and SCALES, JJ.

PER CURIAM.

Based on the State's admirable confession of error, we grant the Petitioner's emergency petition for writ of habeas corpus, and order the immediate release of Petitioner on his own recognizance as required by Rule 3.134(1), Fla. Rules of Crim. Proc.

Petitioner was arrested on January 1, 2016 for burglary of an occupied dwelling and domestic battery via strangulation. Petitioner was held without bond, pending the filing of charges.

On February 3, 2016, the 33rd day of Petitioner's detention, the State moved for an extension of time to file an information pursuant to Rule 3.134(2). In response, the trial court amended Petitioner's "no bond" status to a $10,000 bond and placed Petitioner on house arrest.

Petitioner objected to those terms, arguing that, since the State had not articulated good cause for an extension as required by Rule 3.134(2), Rule 3.134(1) required Petitioner to be released on his own recognizance.

While not entirely clear from the record, it seems the trial court believed that the scheduling of an adversary preliminary hearing pursuant to Rule 3.133 could relieve the State from its obligation to either file an information within 33 days of Petitioner's arrest or show good cause why an extension was required.

On February 8, 2016, Petitioner filed the instant petition seeking emergency habeas relief. We ordered the State to respond on an expedited basis. In its

response, the State concedes that, pursuant to Rule 3.134, the trial court erred in conflating Rule 3.133's preliminary hearing provisions with Rule 3.134's requirements and that the State has not demonstrated good cause for an extension under Rule 3.134.

Therefore, we grant the petition and order that Petitioner be immediately released on his own recognizance as required by Rule 3.134.