# Third District Court of Appeal
## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1277
Lower Tribunal No. F22-10430
_____

**Roshunda Williams,**
Petitioner,

vs.

**Cassandra Jones, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Nicholas Lynch, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General and Katryna Santa Cruz, Assistant Attorney General, for respondent The State of Florida.

Before LOGUE, HENDON and BOKOR, JJ.

BOKOR, J.

Petitioner, Roshunda Williams, seeks habeas relief pursuant to Florida Rule of Criminal Procedure 3.134. Based on Williams' detention for 33 days prior to the State's filing charges, the absence of good cause for detaining Williams for longer than 33 days prior to filing charges, and noting the absence of either changed circumstances or new evidence not known at first appearance, we find Williams entitled to the relief requested.

## BACKGROUND

On June 8, 2022, Williams was arrested and placed in custody for aggravated battery with a deadly weapon and aggravated assault with a firearm. Although the first appearance judge ordered Williams released on house arrest, for whatever reason that did not occur and, instead, Williams remained in custody pending arraignment, uncharged. At the July 11, 2022 arraignment (33 days after Williams' arrest and detention), with no charges filed, the State asked to reset the case to July 18, 2022. Absent the filing of charges within 33 days or the State's show of good cause for continuing detention for up to 40 days, Williams' counsel requested Williams' release on her own recognizance based on the requirement of automatic release under Rule 3.134.[1] Accordingly, the trial judge ordered Williams released on

---

[1] At the July 11, 2022 hearing, the State did not object to releasing Williams on her own recognizance based on the plain language of Rule 3.134 and

2

her own recognizance in relation to the felony charges listed on the arrest form.

On July 15, 2022, the State charged Williams by information with the two felony charges referenced on the arrest form: aggravated battery with a deadly weapon and aggravated assault with a firearm, as well as two additional misdemeanor charges flowing from the same discrete criminal episode described in the arrest form: improper exhibition of a dangerous weapon or firearm and culpable negligence

On July 18, 2022, at the reset arraignment, the State conceded that no circumstances existed to revisit the order releasing Williams on her own recognizance pertaining to the felony charges but objected to release on recognizance for the two misdemeanor charges related to the same criminal episode.  Over objection of Williams' counsel, the State sought bail and other conditions of pretrial release including GPS monitoring (which required taking Williams back into custody for rebooking and installation of the device), and a stay away order.  The trial court granted the State's request and set bail, ordered GPS monitoring, and entered a stay away order.  This petition ensued.

admirably conceded that no good cause existed pursuant to Rule 3.134(2) to extend Williams' detention prior to being charged beyond 33 days.

# ANALYSIS

Florida Rule of Criminal Procedure 3.134 provides bright-line, clear, and unambiguous guidance:

> **The state shall file formal charges on defendants in custody** by information, or indictment, or in the case of alleged misdemeanors by whatever documents constitute a formal charge, **within 30 days from the date on which defendants are arrested** or from the date of the service of capiases upon them. **If the defendants remain uncharged, the court on the 30th day and with notice to the state shall:**
>
> (1) **Order that the defendants automatically be released on their own recognizance on the 33rd day unless the state files formal charges by that date**; or
>
> (2) If good cause is shown by the state, order that the defendants automatically be released on their own recognizance on the 40th day unless the state files formal charges by that date.
>
> In no event shall any defendants remain in custody beyond 40 days unless they have been formally charged with a crime.

(Emphasis added). The State argued that the additional misdemeanor charges not specifically listed on the arrest form constituted changed circumstances or additional facts justifying more restrictive conditions of release. Williams' counsel argued that the State did not move for pretrial detention under Rule 3.321, and no additional evidence or changed circumstances arose since first appearance. The trial court agreed with the State and ordered conditions of pretrial release other than releasing Williams on her own recognizance based on "the two additional charges that were not

4

the subject of the first appearance." Based on the circumstances of this case, the extent of the criminal episode, and the plain language of the rule, this constituted error.

In examining changed circumstances in the context of seeking a modification of bail or conditions of release, this court explained that "[e]vidence that was available to the State at the time of first appearance does not qualify as 'new' information and therefore does not justify the subsequent revocation of bond and imposition of pretrial detention." Saravia v. For Miami-Dade Cnty., 129 So. 3d 1163, 1165 (Fla. 3d DCA 2014) (citations omitted). Applying such definition to this case, nothing changed since the first appearance. The two misdemeanors flow out of the exact same facts elicited from the initial arrest form.[2] And Williams wasn't charged within 33 days of her arrest as required by rule.

The State concedes that "[t]he new charges relate to the same incident as the original arrest, but they constitute the first time that the State formally charged the Petitioner." The State correctly argues that the new charges

---

[2] In addition to the lack of additional evidence or changed circumstances regarding the charged offenses, the record contains no additional evidence or changed circumstances pertaining to Williams' behavior since her release on July 11. In other words, the entire basis for which the State seeks additional conditions of release is the addition of two misdemeanor charges flowing from the four corners of the same arrest form presented to the first appearance judge.

"relate to the same incident."  But not only do the new charges "relate" back to the incident resulting in the arrest, they flow directly and *entirely* from the facts giving rise to the initial arrest (indeed, the charged misdemeanors are lesser included offenses to the charges explicitly listed on the arrest form). The simple fact that the arrest form listed the more serious felony charges and omitted two lesser included offenses that necessarily rely on the same underlying criminal episode described would provide no basis to revoke or modify conditions of release,[3] and similarly provides no basis to avoid the clear and mandatory language of Rule 3.134.  See Simmons v. Guevara, 184 So. 3d 655, 656 (Fla. 3d DCA 2016) (granting habeas petition and ordering petitioner released on his recognizance where no good cause shown for an extension past 33 days).

---

[3] The substantive rationale for allowing a modification of conditions of release for changed circumstances cuts against the State's argument.  Specifically, where there's a change in facts or circumstances (e.g., an investigation reveals more victims, the item stolen was undervalued at the initial appearance and is now grand theft, the victim of an assault and battery passes away), the trial court often increases the severity of the conditions of release to account for the new knowledge of the risk to the community.  Here, the only "change" was the information including additional offenses not specifically listed in the arrest form but based entirely on the set of facts presented to the first appearance judge at the initial arrest.  No changed circumstances or additional evidence emerged.  See Soto v. State, 89 So. 3d 263, 263–64 (Fla. 3d DCA 2012) (explaining that once bail is set, a court "cannot revoke the decision if circumstances have not changed or additional evidence emerged since the bond was originally set") (citations omitted).

6

The State failed to charge Williams within the time provided by rule. The State showed neither a change of circumstance related to the underlying criminal episode, nor offered any additional evidence constituting good cause of a modification of the result mandated by the clear application of Rule 3.134. Accordingly, we grant the petition, vacate the conditions of release set for the misdemeanor charges, and instruct the trial court to order Williams released on her own recognizance.